JAMES BUCHANAN, pláintiff in error, *vs.* JAMES G. W. McDONALD, defendant in error.

In an issue formed by the plaintiff against the sheriff, controverting the truth of the sheriff's return, the burden of proof is upon the plaintiff, and he has a right to open and conclude the argument before the jury, and it is error in the Court to give that right to the sheriff.

Order of Argument. Rule against Sheriff. Before Judge PARROTT. Murray Superior Court. October Term, 1869.

Buchanan was sheriff, and McDonald his deputy. McDonald went out of office, and Buchanan, in April, 1869, obtained against him a rule *nisi*, requiring him to show cause why he should not pay into Court the amounts called for by divers cost *fi. fas.*, in favor of the officers of the Court, which McDonald had had for collection, while he was in office. McDonald answered that he had not levied the *fi. fas.*, because Buchanan had told him not to do so, etc. This answer was traversed, and upon the trial of the issue there was evidence introduced by Buchanan against said answer, and by McDonald in support of it. Buchanan's counsel began to argue the cause before the jury, when McDonald's counsel objected, contending that he had the right to begin and conclude the argument. The objection was sustained by the Court, and McDonald's counsel began and concluded the argument. The jury found for McDonald. A new trial was moved for, upon the grounds that the verdict was contrary to law and decidedly against the weight of the evidence, and that the Court erred in sustaining said objection. The new trial was refused, and of that complaint is made here.

R. J. McCamy, for plaintiff in error, as to the order of argument, relied upon: 9th Ga. R., 206, 363; 24th, 211; 25th, 286; 38th, 235; 32d, 111; 34th, 346, and sec. 3705, Irwin's Code.

J. A. W. Johnson, for defendant, relied upon 55th C. L. Rule. (Old Rules.)

McCay, J.

We are clear that the Court erred in holding that the sheriff had the right to open and conclude the argument, in this case. True, he was called upon to show cause, and if the question for argument was upon the rule and answer, under (new) rule 45, of the Superior Courts, the right to open and conclude would be his. But this is an issue formed upon his answer. He answers, under oath, as an officer of Court. It stands upon the footing of a return. *Prima facie* it was to

be taken for true. The plaintiff undertook to controvert it, to show that it was untrue, and the burden of proof was upon him. It was at his demand that the case was for trial, and it was upon him to show that the sheriff's answer was untrue. Code, section 3878.

This Court has decided in several cases, that the right to open and conclude in a question turning upon evidence, was upon the party on whom the burden of proof rests; and as the burden was upon the plaintiff in this issue, we hold the plaintiff had that right, and it was error in the Court to refuse it. Nor was it an immaterial error. It is not worth while to disguise the truth or to conceal from ourselves that the right to *open and conclude*, in a jury trial, is of prime importance. The right to open is important. It enables the party to give direction to the case, very often to choose the ground on which the battle shall be fought. And the right to conclude is more important still. Even in fair and legitimate argument, the party concluding has the advantage of knowing precisely the line of his opponent, and therefore of directing his attention to it, and arraying everything in the case, that fairly illustrates and sustains his view of it.

We pass no judgment on the facts. We simply say that the plaintiff was at a disadvantage, in which the Court ought not to have put him. Judgment reversed.