### 4976, 4977.  ATLANTIC COAST LINE RAILROAD COMPANY *v.* BUNN *et al.;* and *vice versa.*

1. "In all cases of bailment, after proof of loss, the burden of proof is on the bailee to show proper diligence."
2. The admissions made by the answer as amended were sufficient, without more, to entitle the plaintiff to recover the damages sued for; and, the amendment having been filed before any evidence was introduced by the plaintiff, there was no error in allowing the defendants to open and conclude the argument to the jury.
3. The defendants failed to successfully carry the burden set up by their affirmative defense, and the verdict in their behalf is without any evidence to support it, and is therefore contrary to law.
4. The judgment allowing the plaintiff to strike from its petition an allegation which was immaterial and not essential to its case, but was introduced merely by way of inducement, was not erroneous.

DECIDED OCTOBER 31, 1913.

Action for damages; from city court of Waycross—Judge Lankford presiding.  March 4, 1913.

The Atlantic Coast Line Railroad Company brought suit in the city court of Waycross against J. R. & T. Bunn for $1,049.95 principal, with interest.  It was alleged, that the plaintiff was a railroad company, operating a line of road through the county of Ware and the station of Fairfax therein; that the defendants were carriers for hire, and the plaintiff delivered to the defendants at their tramroad two freight-cars in good order, giving the numbers; that these cars were delivered to the defendants for use on their tramroad, and they agreed to pay a per diem for the cars; and that while these cars, with others, were being moved by the defendants over their tramroad and across a trestle spanning what was called "Seventeen-mile creek," the bridge or trestle gave way, resulting in the destruction of the two cars.  The amount sued for included the value of the cars, less the value of the trucks which were saved, a small amount for repairs made on the trucks, and a small sum for inspecting the cars and for freight covering the transportation of the cars from Fairfax to the respective railroads (naming them) to which the two cars belonged.

48

The defendants filed a general and special demurrer, which was overruled, and they filed an answer practically denying all the allegations of the petition, or, for want of sufficient information, neither denying nor admitting the allegations, except that they were carriers for hire, and that they had agreed to pay twenty-five cents a day for all cars furnished on their tramway by the plaintiff. Pending the trial and before any evidence had been introduced, the defendants offered an amendment (which was allowed over objection), admitting that the plaintiff had delivered into their possession, custody, and control the cars described in the petition, and that the cars were damaged as alleged, while in the possession of the defendants, and that the damages were the sums claimed by the plaintiff; and on the filing of this amendment the trial judge granted to the defendants the right to open and conclude the argument. This amendment was allowed over the following objections: (*a*) That the amendment comes too late to entitle the defendants to the opening and concluding argument before the jury, because the plaintiff's counsel has already made his opening statement to the jury, although no evidence has yet been introduced by plaintiff. (*b*) That the admissions in the amendment are not sufficient to entitle defendants to the opening and concluding arguments, because the answer, as sought to be amended, does not admit the plaintiff's case as laid, and does not admit, among other things, that the cars involved were in good condition when received by the defendants from the plaintiff. The allowance of this amendment is complained of in the main bill of exceptions. The plaintiff demurred also, on general and special grounds, to the original answer; the trial judge sustained the demurrer as to certain portions of the answer (to which ruling no exception was taken by the defendants), and overruled the demurrer as to certain other portions of the answer. The judgment overruling the demurrer to these portions of the answer is also complained of in the main bill of exceptions.

The paragraphs of the answer which were sustained as against the demurrer alleged substantially that the plaintiff was guilty of negligence in furnishing to the defendants cars which were defective, and that the defects in the cars caused the destruction of the bridge and the consequent wreck of the cars. It was objected by the demurrer that the answer did not specifically state the day when

the cars were received by the defendants, the time when the trestle or bridge which fell, destroying the cars, was built, the name of the party by whom it was constructed, or the names of the employees of the defendants by whom the cars were being handled and operated at the time they were wrecked; that the defects alleged were not pointed out, or the manner in which the defects could have caused a wreck; and that these averments of the answer were simply the conclusions of the pleader, without the statement of any facts upon which they were based. In the answer relating to this subject it is alleged that the defendants can not point out specifically the defects in the destroyed cars, because of their destruction, but they aver affirmatively that the bridge or trestle was substantially built, that the track over the bridge was in good order, and that the train was running very slowly; and the inference drawn from these facts by the answer was that the two cars were defective, and that these defects, which could not be described specifically, caused the wreck of the two cars.

The original petition, in the 4th, 5th, and 7th paragraphs thereof, alleged, that the various rail carriers in the United States interchange and handle the cars of one another under a system of rules known as the "master car builders' rules;" that under the terms of the said rules any carrier having in its possession or use the car of another carrier thereby becomes an insurer and obligated to pay for the car if damaged or destroyed while in its possession; and that the defendants received said cars from the plaintiff in good order, for use by them on their said tramroad under the said rules. The plaintiff submitted an amendment to the petition, striking therefrom the words "under said master car builders' rules;" and, over the objection of defendants that the striking of these words constituted a new cause of action, this amendment was allowed. The exception to the allowance of this amendment constitutes the single assignment of error in the cross-bill of exceptions. The verdict was in favor of the defendants and the plaintiff's motion for a new trial was overruled. The special grounds of the motion for a new trial, so far as material, are covered by the exceptions pendente lite.

*Bennet, Twitty & Reese,* for plaintiff.

*J. R. Walker, Andrew B. Estes,* for defendants.

HILL, C. J.  (After stating the foregoing facts.)

Did the trial judge err in allowing the defendants to open and conclude the argument upon the filing of the amendment to the answer?  The attack made upon this ruling is that this amendment was not sufficient to entitle the defendants to the opening and conclusion of the argument, for the reason that it did not admit the plaintiff's prima facie right to recover.  Objection is also made upon the ground that the amendment came too late.  The latter objection is manifestly without merit, the amendment having been made before the introduction of any evidence by the plaintiff; and if the amendment contained a sufficient admission of the plaintiff's right to recover prima facie, there was no error in allowing to the defendants the opening and conclusion of the argument.  *Culver* v. *Wood,* 138 *Ga.* 60 (74 S. E. 790); *Brunswick &c. Railroad Co.* v. *Wiggins,* 113 *Ga.* 42 (39 S. E. 551, 61 L. R. A. 513); *Central of Georgia Railway Co.* v. *Morgan,* 110 *Ga.* 168 (35 S. E. 645). This must be determined by a consideration of the allegations of the petition, which state the cause of action, and the admissions made by the amendment to the answer.  The petition alleged, in substance, that the plaintiff railroad company delivered to the defendants, as bailees for hire, two described cars, to be used by the bailees in the transportation of lumber to their sawmill, over their tramway; that the defendants agreed to pay a certain per diem for the use of these cars, that the two cars in question belonged respectively to certain named railroad companies, but were in the possession of the plaintiff at the time of the bailment; that the two cars were delivered by the plaintiff to the defendants in good order for their use on their railroad, and the defendants obligated themselves to keep the said cars in like good order, and to pay the plaintiff for all damage or injury to the cars while in their possession, use, custody, or control.  The petition alleged the value of the two cars, alleged that they were destroyed by the negligent conduct of the defendants as described in the petition; and the suit was brought to recover for the damage sustained by the wrecking of the cars while they were in the possession of the defendants.  Proof of these allegations would have made out a prima facie case; for "in all cases of bailment, after proof of loss, the burden of proof is on the bailee to show proper diligence."  Civil Code, § 3469. The amendment to the answer, upon the allowance of which the

trial judge awarded to the defendants the right to open and conclude the argument, was in the following language: "The defendants admit that on or about the third day of August, 1907, the plaintiff delivered into their possession, custody, and control the two cars described in plaintiff's petition, damages to which are sought to be recovered in this case, and that the damages to said cars were sustained while they were in the possession of defendants, and that the damages were the sums claimed by defendant."

An analysis of this amendment shows that three things were admitted: the bailment, the damage, and the amount of the damages. Did the admission of these three things give the plaintiff a prima facie right to recover? These admissions, aided by the rule that the burden of proof of proper diligence is on the bailee, clearly made out the plaintiff's right to recover; and to avoid liability it was necessary for the defendants to establish some affirmative defense; and this they undertook to do. The defense set up was that the cars were defective, and that these defects caused the wreckage, and not the negligence, as alleged, of the defendants. After a careful examination of the evidence we have reached the conclusion that this defense was not established by the evidence; in other words, that the presumption of negligence against the bailees on proof of the bailment and of damage was not overcome. Defects in the cars were alleged in the most general terms. None were pointed out by the answer. It was alleged that the trestle and the track were in safe and sound condition, and that the train was handled with due care by the servants of the defendants, and it is claimed that as these things were shown, the cars must have been defective, else the wreck could not have occurred. But the evidence is uncontroverted that these two cars were carefully inspected before they were delivered to the defendants; that they were moved by the plaintiff from Brunswick to Fairfax; that the defendants accepted them without any complaint and used them; that they were loaded by the servants of the defendants and moved over their tramway for some miles, and that no defective condition was discovered and nothing happened until the trestle was reached. The trestle gave way and the cars broke loose from the train and fell through the broken trestle. These facts would seem to indicate that the cause of the wreck was the defective and unsafe condition of the trestle. The proof of defects in the cars is more unsatisfactory

than the allegation on that subject made by the answer. The evidence in behalf of the defendants as to any defects in the cars is that some of the planks on the sides or the floors of the cars were unsound. How could these unsound planks cause the trestle to give way? The wheels and the trucks of the two cars were sound, only some of the planks were decayed; and, in passing, it may be stated that the defendants admitted that they had subsequently used some of these planks in constructing other cars. This being so, a verdict for the value of these planks was demanded. There being no reasonable causal connection between the partially decayed planks of the cars and the breaking down of the trestle, it seems that we must look for some other cause of the wreck. This cause is found in the evidence for the plaintiff that the trestle had been previously inspected and found to be in an unsafe condition; and this unsafe condition was reported by the inspectors to the defendants, and they were warned to have necessary repairs made, but the warnings were not heeded. We will not prolong the discussion on this point. We feel constrained to grant another trial because we do not find any evidence of probative value to support the verdict.

The cross-bill of exceptions contained only one assignment of error, to wit, that the court erred in allowing the plaintiff to strike from the seventh paragraph of the petition the following words: "under the said master car builders' rules," on the ground that the striking of these words constituted a new cause of action. This assignment of error is not meritorious. The allegation of the petition in reference to the master car builders' rules was simply by way of inducement; the allegation does not relate to the cause of action; it was made as an explanation of the possession of the cars by the plaintiff, and the measure of diligence which these rules imposed upon carriers who had possession of the cars of other carriers. It had nothing whatever to do with the liability of the defendants, or with the contract of bailment between the plaintiff and the defendants relating to the two cars. The allegations as to these rules were wholly immaterial; and, in so far as the cause of action was concerned, were superfluous. The judgment on the cross-bill of exceptions must, therefore, be affirmed.

*Judgment on main bill of exceptions reversed; on cross-bill of exceptions affirmed.*