*G. C. Dekle,* for plaintiff in error.

---

7069. BUNN *et al. v.* ATLANTIC COAST LINE RAILROAD Co.

RUSSELL, C. J. 1. This court will not undertake to consider assignments of error in a motion for a new trial which are dependent for their determination upon a consideration of the evidence, where no bona fide attempt is made to file a brief of the evidence in accordance with the provisions of the Civil Code, § 6093, but instead thereof the movant files a document, approved by the trial judge, which includes the documentary and oral testimony without abridgment, as well as numerous objections to testimony, and colloquies between court and counsel. *Rogers* v. *National Cash Register Co.,* 11 *Ga. App.* 487 (75 S. E. 828) ; *Whitaker* v. *State,* 138 *Ga.* 139 (75 S. E. 254). The profession has been sufficiently warned of the consequences to be expected from a failure to comply with the statutory requirements embodied in this section. See also *Albany & Northern Ry. Co.* v. *Wheeler,* 6 *Ga. App.* 270 (64 S. E. 1114), and annotations to this section in Park's Annotated Code.

2. Under the ruling of this court when this case was here before (*Atlantic Coast Line R. Co.* v. *Bunn,* 13 *Ga. App.* 753, 79 S. E. 947), the plaintiff made out a prima facie case by introducing the amendment to the defendant's answer. The bailment, the damages, and the amount of the damages were admitted. The withdrawal of pleadings as a part of the record does not prevent the opposite party from introducing in evidence the pleadings of his antagonist, though withdrawn, as admissions in judicio, which, if they do not amount to an estoppel, at least call either for disproof or for satisfactory explanation. The plaintiff having introduced the admissions contained in the amendment to the answer, the trial judge properly refused to order a nonsuit.

3. Construing the provisions of section 5736 of the Civil Code of 1910 in

connection with the admissions of the defendants, and in the absence of any explanation of these admissions, the trial judge did not err in excluding from the testimony the merely opinionative estimate of a witness who was not shown to be an expert, placing the value of the cars which were the subject of the bailment at an amount different from that which was admitted to be their value by the defendants in the answer which had been withdrawn by them but thereafter put in evidence by the plaintiff. Primarily, the question as to the•competency of a witness to testify is a preliminary one for the trial court, and the exercise of a sound discretion in this regard will not be disturbed. *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (76 S. E. 387, 31 Ann. Cas. (1914A) 880).

4. By reason of the failure of the plaintiffs in error to prepare a proper brief of the evidence, this court must assume that the verdict against them for the amount of the principal is fully supported, because it conforms to the value of the cars which were entrusted by the plaintiff to the defendant, as fixed in the admissions set forth in the bill of exceptions. And, there being no evidence before us to the contrary, it must be assumed that the amount allowed as interest was based upon evidence which authorized a finding for the amount returned as such.

(a) The action is not one sounding in tort, but is based on the breach of a contract of bailment, and interest eo nomine was recoverable.

*Judgment affirmed.*

DECIDED MAY 2, 1916.

Action for damages; from city court of Waycross—Judge Lankford presiding. September 23, 1915.

*J. R. Walker, A. B. Spence, A. B. Estes,* for plaintiffs in error. *Parker & Walker, Bennett, Twitty & Reese,* contra.