### WILLETT SEED CO. *v.* KIRKEBY-GUNDESTRUP SEED CO.

ATKINSON, J. 1. Whether a contract be entire or severable depends on the intention of the parties. A contract for the sale of 1,000 bushels of yellow-bottom onion sets, 25 bushels of red-bottom onion sets, and 1,000 bushels of white-bottom onion sets, for shipment about January 10, 1911 (weather permitting), is to be construed as an entire contract. *Henderson Elevator Co.* v. *North Georgia Milling Co.,* 126 *Ga.* 279 (55 S. E. 50).

2. Where there was a contract for the sale of onion sets, and a portion was delivered, paid for, and used by the purchaser, he can not rescind the contract upon the ground that the quantity received and accepted by him was inferior in quality to that stipulated in the contract. *Henderson Co.* v. *North Ga. Co.,* supra.

3. If the vendor delivered onion sets not in accordance with the contract and defective, and there was a delay in shipment, and this amounted to such a substantial non-compliance with the contract as a whole, the vendee might rescind the contract and refuse to accept performance as to the balance. But if, with the knowledge of any defects or delays, he received them and paid for the goods received, he could not rescind the contract on account of the failure of the vendor to comply with the contract in regard to the goods which were received. *Carolina Portland Cement Co.* v. *Turpin,* 126 *Ga.* 677 (55 S. E. 925).

4. Under the pleadings and evidence, the principles announced in the foregoing headnotes were applicable to the case, and the excerpts from the charge upon which error was assigned, when considered in connection with the entire charge, were in accord therewith.

5. The action was for unliquidated damages for a breach of contract, and the evidence did not demand a verdict for the amount found for the

plaintiff. As the defendant did not introduce any evidence, the attorney for the defendant was entitled to the opening and conclusion of the argument before the jury. Civil Code, § 5746; *Moore* v. *Carey*, 116 *Ga.* 28 (5), 34 (42 S. E. 258); *Arthur* v. *Commissioners of Gordon County*, 67 *Ga.* 221 (5). Under the circumstances of the case, it was error requiring a new trial to refuse to allow the defendant's counsel the right to open and conclude. *Judgment reversed. All the Justices concur.*

JULY 14, 1916.

Action for breach of contract. Before Judge Hammond. Richmond superior court. July 17, 1915.

*P. C. O'Gorman* and *Pierce Brothers,* for plaintiff in error.

*A. F. Purdy,* contra.

*Judgment reversed. All the Justices concur.*