## 12557.  SMALL *et al. v.* ROBERTSON.

JENKINS, P. J. The parties to this case made a contract, whereby the plaintiff sold to the defendants, at a stipulated price per bushel, his entire peach crop grown in 1920 on described premises, upon the limited express warranty that the peaches should be in sound condition, free from rot. The first portion of the crop was delivered, accepted, and partly paid for by defendants; but the remainder after an examination by the defendants of the fruit in the orchard was rejected and payment refused because of the alleged existence of rot. Plaintiff thereupon sued in three counts:  (1) for the balance of the contract price of the

peaches actually delivered; (2) for the contract price of peaches decaying in the orchard, after defendants' refusal to accept, which the plaintiff alleges could not be disposed of, because of the shortness of time following defendants' notice of rejection; (3) for the difference between the contract price and the price received in the open market for the rejected crop. Defendants in their plea and answer admitted the contract, but set up that all the peaches were in unsound condition and affected with rot, running at least from 50% to 80% decay. They pleaded a total failure of consideration as to the peaches actually delivered; and stood upon their rejection, after examination, of the portion not received and accepted. *Held*:

1. While the contract was entire, and the vendees, therefore, were not authorized to rescind on account of the alleged unsound and rotten condition of the portion of the peaches actually delivered and accepted, because of their inability to make restitution, they could, however, refuse to accept the remainder of the crop, if the remaining peaches proved likewise unsound. *Henderson Elevator Co. v. North Ga. Milling Co.*, 126 *Ga.* 279, 282 (55 S. E. 50).

2. The court charged: " If you find that there was only a partial failure in these peaches,— in other words, some of them were in a sound condition from rot, and then some were not,— then you would make the defendants pay for those that were sound, and relieve them from paying for those which were not in a sound condition, from rot. For illustration, if one half were in a sound condition from rot, and one half were not, then they would be under the duty of taking those which were in a·sound condition from rot and paying for them, and would have a right to reject those which were not in a sound condition from rot, and not pay for them." From a note by the trial judge in the motion for new trial, it appears that, " just before this charge was given, counsel for defendants suggested that no charge had been given on the subject·of partial failure of consideration; the court expressed a doubt as to whether, under the phrasing, partial failure of consideration should be charged; counsel for plaintiff then stated that the greater included the less, whereupon the court gave the charge set out above." Under the rule stated in paragraph 1 above, this charge was erroneous and confusing to the jury, since it ,failed to limit the principle of partial failure of consideration to the portion of the peaches actually delivered and sued for under the first count. Especially is this true for the reason that this portion of the charge was immediately followed by instructions upon the damages recoverable for the undelivered peaches upon the second and third counts, as well as for the delivered peaches upon the first count. While a plea of total failure of consideration includes a partial failure, and under such a plea a verdict allowing a partial abatement of the purchase price is˙ permissible (*Thompson v. Cordele Motor Car Co.*, 26 *Ga. App.* 13ᵑ, 105 S. E. 620), yet, under the pleading and the facts in this case, the plea of total failure of consideration being limited to the delivered peaches sued for in the first count, the defense of partial failure was likewise limited; and the defendants should, if the jury accepted their testimony as to the condition of the remaining portion of the fruit, have been permitted

to stand upon its absolute rejection. The oral suggestion of counsel to the trial judge, that he had not charged " on the subject of partial failure of consideration," should not be construed. to have invited the erroneous failure to properly limit such charge to the defense actually made by defendant's plea and testimony.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED FEBRUARY 1, 1922.

Action on contract; from Bibb superior court — Judge Malcolm D. Jones. May 14, 1921.

*O. C. Hancock,* for plaintiffs in error.

*Jordan & Moore,* contra.