## SIMMONS *v.* BRANNEN, executor, *et al.*

1. Under the issues made in this case by the pleadings, the burden of proof was upon the plaintiff in error, and he should have been allowed to open and conclude before the jury.
2. Where a father entered into a contract for the sale of a certain tract of land to his daughter, taking her notes for the purchase-price and executing to her a bond for title, and subsequently executed a will bequeathing to his daughter certain sums of money as a legacy, and after the execution of the will made a deed conveying the land in question to his daughter without the payment of the notes, which he destroyed, the conveyance thus made was a voluntary one, a gift to the daughter, and if intended to be an advancement it was such. Whether it was intended purely as a gift, or an advancement, was a question of fact under the evidence in the case.

3. In so far as the part of the charge contained in the fifth ground of the motion for new trial violates the principles stated in the preceding headnote and the corresponding division of the opinion, it was also error.

4. In view of the fact that under the decision announced above a new trial is granted, it is unnecessary to pass upon the exceptions made to the competency of jurors.

No. 3390. APRIL 14, 1923.

Equitable petition. Before Judge Strange. Bulloch superior court. July 27, 1922.

*R. Lee Moore* and *Deal & Renfroe*, for plaintiff in error.

*Fred T. Lanier* and *Brannen & Booth*, contra.

BECK, P. J. Joseph S. Brannen, as executor of the will of C. C. Simmons, filed his equitable petition praying for a decree directing him as to his duties as executor in paying out the funds belonging to the estate then in his hands. The issues in this case arise upon the question made as to whether or not certain legacies of $1500 to each of testator's three daughters, Mrs. Jones, Mrs. Smith and Mrs. Brannen, had been adeemed. The three daughters were made parties to the suit, as were also two sons who had received certain advancements. One of these sons, W. M. Simmons, insisted that these legacies of $1500 to each of the daughters had been adeemed, while the three daughters referred to joined issue with this contention and maintained that the legacies had not been adeemed. The respective contentions of W. M. Simmons and the three daughters of C. C. Simmons were set up in their answers to the petition, wherein it was prayed that the parties at interest should be required to interplead and set up their contentions as to the construction of the will. The other legatees were not interested in the question, there being no contest by any of them as to the legacies left to them. The jury empaneled to try the case returned a special verdict in answer to the question propounded, whether the legacies of $1500 to the daughters had been adeemed, giving a negative answer. W. M. Simmons made a motion for new trial, which was overruled, and he excepted. The original motion contained the usual general grounds. The first question raised in the amendment to the motion is as to whether the court erred in refusing to give the opening and concluding argument to counsel for the movant.

We are of the opinion that the issues made in the case and the position necessarily taken by the plaintiff in error relative

to those issues entitled him to the opening and conclusion; for the burden of proof upon those issues rested on him. The Code declares that the burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential. In this case the burden of proof upon the issues presented by the pleadings was necessarily on the plaintiff in error, who asserted that certain properties given to the daughters of the testator, who are the defendants in error here, were advances made by the testator in his lifetime. The legacies made and the amounts thereof appear in the face of the will. The plaintiff in error asserted in his pleadings that these legacies had been adeemed, and in answer to the petition assumed the burden of showing that such was the fact. The party who carries the burden has the right to the opening before the jury, where both parties introduce evidence. *Mason* v. *Croom,* 24 *Ga.* 211, and other cases cited in Park's Ann. Code under § 5746.

2. Error is assigned upon the following charge of the court: " I charge you in this case that if you find from the evidence that Mr. Simmons made a deed to property to Mrs. Maude Smith, or, in other words, if you find from the evidence in this case that he agreed to sell to her the tract of land in dispute, that he gave her his bond for title, and that he took her notes, and in pursuance of that bond for title and the taking of those notes, that in carrying out that contract, if you find that a contract of that kind was made, as contended for by Mrs. Smith, and that the father made a deed in pursuance of that agreement, although that deed may not have been recorded or delivered until after the will was made, I charge you that she would take a good title, and that Mr. C. C. Simmons himself could not subsequently, even if he so desired, adeem that legacy by turning over the property; if you should find that he contracted to sell to her under bond for title and make a deed to her, I charge you that the deed would take effect and relate back to the date of the making of the bond; if you find the deed was made before the execution of the will, and was made in pursuance of that contract, although not recorded, if you find that, even after that will was made, the deed was delivered and recorded, that would be a valid contract passing title out of Mr. Simmons, and he would have no right to convey it by

will or otherwise after that was done." We think this charge was error. The testator had agreed to sell to his daughter, Mrs. Maude Smith, a certain tract of land, and had executed a bond for title prior to the making of his will, and she had given her notes for the purchase-price. There was evidence tending to show that after the will was made the father destroyed the notes and executed a deed in accordance with the conditions of the bond for title. If these notes were destroyed with the intent and purpose of making an advancement to the daughter, the acceptance of the deed made the conveyance of the land an advancement to the amount of the notes which were destroyed, whether those notes were destroyed after or before the making of the will; and the charge of the court made the character of the gift depend upon whether it was executed before or after the will. The execution of the deed without the payment of the notes made the conveyance of the property a voluntary one, a gift from the father to the daughter; and whether it was intended merely as a gift or as an advancement, and consequently an ademption of the legacy provided in the will, was a question of fact.

3.  The vice of this charge as given might have been cured by the instruction given in immediate connection therewith, which is excepted to in the fifth ground of the motion for new trial, and which is in the following language: " On the other hand, if you find that no such contract was made; and that the deed was not made and executed in pursuance of that contract, but was made and executed in pursuance of a purpose on his part and an intent to carry out his will by turning over to his daughter that real estate in lieu of the legacy, and that he did turn it over in lieu of the legacy, why, then that would be an ademption of the legacy, and you would be authorized to find in favor of the contentions of Mr. Meldrim Simmons, as to Mrs. Maude Smith." This part of the charge could not, however, have the effect of removing the hurtful effect of the first part of the instructions quoted, because of the limitation contained in the words, " if you find that no such contract was made, and that the deed was was not made and executed in pursuance of that contract;" because, as we have held, though there was a contract made for the sale of land, a bond for title given, notes for the purchase-price taken, and a deed executed in compliance with the obligation to

convey, which is contained in the bond, nevertheless, if the father destroyed the notes for the purchase-money of the land, thereby in effect making the conveyance a voluntary one, such a gift, if intended as an advancement, would be such.

4. In view of the fact that under the decision announced above a new trial is granted, it is unnecessary to pass upon the exceptions made to the competency of jurors.

*Judgment reversed. All the Justices concur.*