### 16461. PHILLIPS *v.* ANDERSON *et al.*

1. "In order to entitle a defendant to the opening and conclusion of the argument, he must in his pleadings, and before the plaintiff begins to introduce evidence, admit enough to make out a prima facie case for the latter." *Nalley* v. *Taylor,* 27 *Ga. App.* 147 (1) (107 S. E. 611); *Reid* v. *Sewell,* 111 *Ga.* 880 (2) (36 S. E. 937); *Central &c. Ry. Co.* v. *Morgan,* 110 *Ga.* 168 (1) (35 S. E. 345); *Wall* v. *Wall,* 15 *Ga. App.* 156 (82 S. E. 791).

2. "Refusal to direct a verdict is not subject-matter for a valid exception in this State." *Gate City Fire Ins. Co.* v. *Thornton,* 5 *Ga. App.* 585 (4); (63 S. E. 638); *Deal* v. *Montgomery,* 31 *Ga. App.* 20 (6) (120 S. E. 26); *Bennett* v. *Patten,* 148 *Ga.* 66 (3 *a*) (95 S. E. 690).

3. Where a plaintiff introduces in evidence the defendant's answer, he is not concluded by the parts of the answer adverse to his case; nor is he estopped to contradict them. *Christian* v. *Macon Ry. &c. Co.*, 120 *Ga.* 314 (47 S. E. 923) ; *Stallings* v. *DeBardeleben Coal Co.*, 22 *Ga. App.* 600 (96 S. E. 708) ; *Reaves* v. *Columbus Electric & Power Co.*, 32 *Ga. App.* 140 (4) (122 S. E. 824).

4. The judgment of the court below, overruling the motion for a new trial, is reversed solely upon the ground that the verdict is not supported by the evidence.

DECIDED JULY 14, 1925.

Complaint; from city court of Louisville—Judge Barwick. March 17, 1925.

*B. F. Walker,* for plaintiff in error.

*Roy V. Harris, G. C. Anderson,* contra.

LUKE, J. Plaintiffs alleged that they had rented a farm to defendant for the year 1920, for 1500 pounds of middling cotton; that defendant delivered to them 1085 pounds of cotton, leaving a balance due of 415 pounds; that said cotton was worth 23 cents per pound; and that defendant owed them $95.45, the value of said cotton when said rent was due, together with interest thereon. Defendant's sworn answer was, that "he not only delivered to plaintiffs the 1085 pounds of cotton, but he delivered to them the full amount of 1500 pounds, and thereby paid them all of said rent, and he owes them no amount as sued for, and he hereby pleads payment in full of such rents." Defendant further denied that he was indebted to plaintiffs $95.45, the principal sued for, or that the cotton was worth 23 cents per pound.

"During the trial of the case and before any judgment therein," defendant offered the following amendment to his answer, "solely for the purpose" of assuming the burden of proof and obtaining the opening and conclusion: He admits he rented the land for the year 1920 for the amount of cotton named in paragraph 2 of plaintiffs' petition. He admits the cotton was worth 23 cents per pound on the date rent was due as alleged. He admits the payments set out in paragraph 3 of plaintiffs' petition: i. e., 1085 pounds of middling cotton. It does not appear that this proffered amendment was sworn to. The first assignment of error is based upon the disallowance of the foregoing amendment. This was not error. It nowhere appears from the record that the amendment was offered prior to the introduction of evidence, and we think this should affirmatively be shown. Of course, the refusal to direct a

verdict was not error.   There is no merit in the contention that, because the plaintiffs in the court below introduced in evidence the defendant's sworn answer, they were absolutely and irrevocably bound by every portion of it.   The suit was for 415 pounds of cotton at an alleged value of 23 cents per pound.   The defendant's answer (which was put in evidence by the plaintiff) denied that the cotton was worth that amount.   The jury's problem, then, was to find the money value of so much cotton worth so much per pound.   There is no proof anywhere in the record of the value of a pound of the cotton, and, viewing the matter from a legal standpoint, the problem was insoluble and the answer wrong.   The judgment is reversed solely because the verdict was not supported by the evidence.   The law is found in the headnotes.

*Judgment reversed.   Broyles, C. J., and Bloodworth, J., concur.*