21406.   Arlington Peanut Company *v.* Dozier.

Jenkins, P. J.   1. While it is the general rule that a tender required by a contract may be waived by conduct amounting to a repudiation of the contract, or by obstructing and preventing the tender (*Blount* v. *Lynch*, 24 *Ga. App.* 217, 100 S. E. 644), still, where a contract for purchase and sale provided for the future delivery of a certain number of tons of peanuts of a specified grade (number 1), the mere rejection by the pur-

chaser of a portion of the amount of peanuts purchased, tendered for delivery under the contract, on the ground that the peanuts tendered were not of the grade specified by the contract, would not, in and of itself, amount to a repudiation of the contract so as to relieve the seller of making any further tender.

2. In the instant case, in which the buyer sued for damages for the breach of a contract for purchase and sale of twenty-five tons of peanuts of a specified grade, and the defendant, by way of counterclaim, likewise sought damages on account of the alleged breach of the contract by the plaintiff, alleging that the plaintiff had failed and refused to accept peanuts of the grade specified, tendered in accordance with the terms of the contract, it was error to charge the jury that if they found that the defendant seller "tendered to the plaintiff peanuts of the grade and quality specified in the contract on or before the date required to be delivered, and that the plaintiff failed and refused to accept the peanuts, then it would be your duty to find in favor of the defendant damages in the amount of the difference between the contract price and the market value of the peanuts at the place of delivery at the time of the breach of the contract." Since the contract for the sale of twenty-five tons of peanuts was an entire one (*Henderson Elevator Co.* v. *North Ga. Milling Co.*, 126 *Ga.* 279, 55 S. E. 50; *Willett Seed Co.* v. *Kirkeby Gundestrup Seed Co.*, 145 *Ga.* 559, 89 S. E. 486; *Small* v. *Robertson*, 28 *Ga. App.* 162, 110 S. E. 504), the seller's performance or tender of performance of his entire obligation under the contract was necessary before he could maintain an action for the breach, unless the words, acts, or declarations of the vendee in refusing the partial tender amounted to a repudiation of the whole contract. *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer Co.*, 20 *Ga. App.* 660 (93 S. E. 532). A mere rejection of a portion of the peanuts tendered on what might be adjudged to be a reasonable and bona fide contention that they did not come up to the grade specified would not amount to a breach of the entire contract by the purchaser. Accordingly, the judgment overruling the motion for a new trial must be reversed.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 18, 1931.

*A. L. Miller,* for plaintiff. *E. L. Smith,* for defendant.

