RAMSEY *v.* RAMSEY *et al.*

606

*Fleming & Fleming,* for plaintiff in error.

*Hammond & Kennedy, Paul T. Chance, Hull, Barrett & Willingham,* and *E. D. Fulcher,* contra.

HILL, J. On October 11, 1930, Early Ramsey filed a petition against Daniel Ramsey, individually and as administrator of the estate of Willie Ramsey, joining as a defendant the National Surety Company, surety on the bond of Daniel Ramsey. The petition as amended alleged in substance that the petitioner was the brother and heir at law of Willie Ramsey, and that Daniel Ramsey as administrator had received $2839 belonging to the estate, and had failed and refused to account to him as an heir; and the plaintiff prayed for an accounting and judgment against the administrator and the surety company, and for an injunction restraining them from changing the existing status. In his answer the administrator admitted that he had received certain money as the commuted value of an insurance policy issued by the United States on the life of Willie Ramsey, a soldier in the World War, who died on October 7, 1918; and that he had endeavored to have a settlement with the plaintiff and wind up the estate of Willie Ramsey, but that the plaintiff was located outside of the State of Georgia, a fugitive from justice. The National Surety Company filed an answer averring, among other things, that a woman named Charlotte Ramsey, a non-resident of Georgia, claimed to be the wife of Willie Ramsey and as such his sole heir at law. On January 19, 1931, Charlotte Ramsey filed a petition to intervene, alleging in substance that the administrator of the estate of Willie Ramsey had received $2839 as the commuted value of the insurance policy for $10,000 issued by the United States on the life of Willie Ramsey; that the beneficiaries named in the policy by the soldier were his mother, Anna Ramsey, and his wife, Charlotte Ramsey;

that monthly payments were made to Charlotte Ramsey and Anna Ramsey as equal beneficiaries; that Anna Ramsey has since died; that under the pension law the commuted value of her interest was not payable to her estate, but to the estate of Willie Ramsey; that Willie Ramsey left no child; that intervenor is the sole heir at law of Willie Ramsey, because she was his common-law wife; that on February 7, 1919, she submitted to the Veterans Bureau her claim for compensation as one of the two beneficiaries under the insurance policy, and her claim was duly allowed. She prayed that she be declared the sole heir of Willie Ramsey, and that the administrator be directed to pay over to her the net proceds of the estate. The administrator filed his answer to the intervention, denying that Charlotte was the common-law wife of Willie Ramsey, and averring that the balance of the insurance money in his hands, after paying out certain sums to an attorney at law and to himself, amounted to $1,307. Early Ramsey filed a similar answer. The case was tried on the issue of whether Charlotte Ramsey was the common-law wife of Willie Ramsey. The jury returned a verdict against the claim of the intervenor. A motion for new trial was overruled, and the exception is to that judgment.

■ The motion for new trial contains statements of fact; and it is argued that the motion should not be considered, because it does not have the statutory approval of the trial court. The language of the judge's order entered upon the amendment to the motion is as follows: "The grounds of the within amendments to the motion for new trial are hereby approved." In *Tifton etc. R. Co.* v. *Chastain,* 122 *Ga.* 250 (50 S. E. 105), it was held that an entry upon the amendment to a motion for new trial that the amendment is allowed, "and the grounds therein set out approved," is a sufficient approval of the grounds of the motion. And in *Price* v. *State,* 170 *Ga.* 294 (152 S. E. 572), it was held: "Prior to the act of 1911 (Ga. L. 1911, p. 149, sec. 3), where the special grounds of a motion for new trial were merely 'allowed' but not 'approved' or 'certified' by the trial judge as true, the assignments of error in such grounds could not be considered; but since the act of 1911, where the judge has finally passed on the merits of a motion for new trial, and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, no question as to these matters shall be entertained by the reviewing court,

unless first raised and insisted on before the trial judge." We hold that the grounds of the amendment to the motion for new trial in the instant case are sufficiently approved as true to be considered by this court.

■ The general grounds of the motion, that the verdict was contrary to the evidence and without evidence to support it, are without merit. The main issue in the case was as to whether there had been a common-law marriage between Charlotte Ramsey and Willie Ramsey, and whether they were husband and wife at the time of the death of Willie Ramsey. While the evidence on this point was sharply conflicting, it was a question for the jury to decide whether the relation of husband and wife existed between the two, and the evidence for the defendant in error was sufficient to authorize the jury to find that such relation did not exist.

■ Error is assigned on the following charge of the court: "I charge you, gentlemen of the jury, that if you merely believe that Charlotte Ramsey and Willie Ramsey cohabited together, with no bona fide intention of becoming man and wife, or holding themselves out as such to the community, that would be an illicit intercourse and relation, and could not ripen into a common-law marriage, if you believe that is what happened. So you are to say, gentlemen of the jury, whether or not there was any cohabitation between them. If you believe there was, and don't believe it was with the bona fide intention of becoming man and wife, or holding themselves out as such to the community or neighborhood, then they would not be man and wife. I charge you on the other hand, gentlemen of the jury, if you believe that they mutually agreed between themselvs to bcome man and wife, and pursuant to that agreement they cohabited and they held themselves out to the community as man and wife, or to the neighborhood and friends, then in law they would be man and wife; and therefore you are to consider what are the facts in the case, gentlemen of the jury, and find a verdict accordingly." The error assigned is that the judge failed to inform the jury that a cohabitation, though illicit at the beginning, could nevertheless ripen into a common-law marriage if the parties so agreed and held themselves out as man and wife. There is no exception as to the correctness of the charge as given; and if a fuller charge was desired, a proper request therefor should have been made. This ground of the motion for new trial is without merit.

■ Special ground 4 of the motion for new trial complains that the court erred in ruling out certain certified photostatic copies of eleven letters offered in evidence by the plaintiff in error, tending to show that the deceased, Willie Ramsey, was the common-law husband of Charlotte Ramsey; and in refusing to permit the plaintiff in error to testify as to the identity of certain letters alleged to have been written to her by Willie Ramsey while he was in the United States army, and addressing her as wife and signing his name as husband of Charlotte Ramsey. These letters were offered for the purpose of establishing a common-law marriage relation between the parties. On objection these letters and the testimony so offered were excluded. We think that the court properly rejected the photostatic copies of the letters claimed to be copies of genuine letters written by the deceased husband, and ex parte affidavits made by witnesses, in another transaction to which the deceased was not a party, as to genuineness of the originals, and the testimony of the alleged common-law wife of the deceased that the copies were copies of the genuine letters of the deceased on file in the Veterans Bureau in Washington; and properly refused to permit the intervenor to testify as to the genuineness of the original letters, the objection being that she was incompetent to testify as to their genuineness after the death of the writer. The Civil Code (1910), § 5858, par. 1, provides: "Where any suit is instituted or defended . . by the personal representative of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . deceased person, as to transactions or communications with such . . deceased person." A transaction or communication with a deceased person, as used in the section cited, has been defined as "some transaction or communication had directly with the deceased, something personal between the surviving and deceased parties, a transaction or communication of such character that the deceased, if alive, could deny, rebut, or explain the statement of the other party." *Chamblee* v. *Pirkle,* 101 *Ga.* 790, 792 (29 S. E. 20); *Dowdy* v. *Watson,* 115 *Ga.* 42 (41 S. E. 266); *Hill* v. *Merritt,* 146 *Ga.* 307, 309 (91 S. E. 204). In *McKie* v. *State,* 165 *Ga.* 210, 215, 220 (140 S. E. 625), letters were held to be within the term "communications" as used in this section of the Code. And see 46 C. J. 1120, on the question as to who is an "opposite party." In *Neely* v. *Carter,* 96 *Ga.* 197, 202 (23 S. E.

■

313), it was said: "To swear to the genuineness of a signature purporting to have been made by one of the deceased makers would only be another way of proving the physical fact of execution. Such proof would be merely ' secondary evidence, the object of which would be to supply the place of direct evidence of actual execution, in a case where higher and more satisfactory proof of that fact was not' forthcoming or available. The policy of the law, which clearly would exclude Mrs. Carter from giving direct evidence of execution, likewise would render her incapable of giving evidence of a secondary character which would accomplish the same result, and which, indeed, would be worthless for any other purpose than that of supplying the very evidence she would be precluded from giving by direct and positive proof. No other view of the question seems tenable." '

■ At the conclusion of the evidence counsel for the intervenor claimed the right to open and conclude the argument, insisting that, inasmuch as the burden of proving her "common-law marriage" was on the intervenor, her attorney was entitled to open and conclude the argument. It was insisted also that the fact that counsel for the plaintiff, Early Ramsey, was permitted to introduce his witnesses first constituted no waiver of intervenor's claim to open and conclude the argument except as against the original defendants, and that it did not affect the right of the intervenor, upon whom rested the burden of proof. The court refused to allow counsel for the intervenor to make the opening and concluding argument. In so holding we think that the court did not err. Counsel for the intervenor was not entitled to the right to open and conclude the argument when he did not assume the burden of proof by admitting a prima facie case before the introduction of evidence, and permitted the other party to prove his case. In order to entitle a defendant to the opening and conclusion of the argument, he must in his pleadings, and before the plaintiff begins the introduction of evidence, admit enough to make out a prima facie case for the latter. *Nalley* v. *Taylor,* 27 *Ga. App.* 147 (107 S. E. 611) ; *Reid* v. *Sewell,* 111 *Ga.* 880 (2) (36 S. E. 937) ; *Central etc. Ry. Co.* v. *Morgan,* 110 *Ga.* 168 (35 S. E. 345) ; *Wall* v. *Wall,* 15 *Ga. App.* 156 (82 S. E. 791) ; *Phillips* v. *Anderson,* 34 *Ga. App.* 190 (128 S. E. 922). See *Jarrard* v. *Mobley,* 170 *Ga.* 847 (3) (154 S. E. 251) ; *Fisher* v. *Whitehurst,* 14 *Ga. App.*

218, 220 (80 S. E. 536); *Simmons* v. *Brannen,* 155 *Ga.* 494, 496 (117 S. E. 318).

■ The ground complaining that the court erred in failing to instruct the jury that the Federal law under which the fund in controversy was received provided that a soldier could designate as a beneficiary under his policy of insurance only certain named persons was not argued in the brief of counsel for plaintiff in error, and will be treated as abandoned.

■ The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*