No. 8848.    FEBRUARY 21, 1933.

*Roy S. Drennan,* for plaintiff.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendants.

### WILLIAMSON *et al.* v. WILLIAMSON.

ATKINSON, J.   1. Under the Civil Code, § 5858, par. 1, in an action of complaint for land, the opposite party to the grantee of a deed from a deceased person is not competent to testify in his own behalf to conversations and transactions with such deceased person affecting adversely the title conveyed by the deed. *Hendrick* v. *Daniel*, 119 *Ga.* 358 (46 S. E. 438). Accordingly, in an action of complaint for land, the defendant J. Gould Williamson, being the immediate grantee of A. G. Williamson since deceased (the alleged common grantor), J. F. Williamson, one of the plaintiffs, was incompetent to testify in his own behalf as to conversations and transactions with A. G. Williamson, since deceased, tending to show the execution and delivery of a prior deed by A. G. Williamson to a different person under whom the plaintiffs claim as sole heirs at law.

2. When the defendant in a civil case introduces no evidence, he is entitled

to the opening and conclusion of the argument. *Newsome* v. *Harrell*, 146 *Ga.* 139 (2) (90 S. E. 855) ; *Moore* v. *Carey*, 116 *Ga.* 28 (5) (42 S. E. 258) ; *Willett Seed Co.* v. *Kirkeby-Gundestrup Seed Co.*, 145 *Ga.* 559 (5) (89 S. E. 486). The ruling in *Ramsey* v. *Ramsey.* 174 *Ga.* 605 (5) (163 S. E. 193), applies "where both parties introduce evidence." *Simmons* v. *Brannen*, 155 *Ga.* 494, 496 (117 S. E. 318), cited in the *Ramsey* case.

3. The verdict for the defendant was authorized by the evidence, and the judge did not err in overruling the plaintiffs' motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 8863.    FEBRUARY 21, 1933.

*Lawson & Ware* and *Russell Ross,* for plaintiffs.
*J. H. Milner* and *Will Ed Smith,* for defendant.