22457. WALNUT CREEK MILLING COMPANY *v.* SMITH BROTHERS COMPANY.

JENKINS, P. J. In answers to questions certified to it in this case, the Supreme Court has held that, under a written contract for the purchase of a number of barrels of "Snoflour" brand of flour, the purchaser is entitled to show by parol that the vendor represented that the brand sold was in all respects equal in quality to another brand, known as "Elberta," with which the vendee was familiar. *Walnut Creek Milling Co.* v. *Smith Co.,* 178 *Ga.* 341 (173 S. E. 96). On the trial of a suit by the vendor for damages on account of the vendee's failure to accept the undelivered portion of the goods contracted for, there was proof which authorized the jury to find that the commodity sold under the brand of "Snoflour" was greatly inferior in quality to the brand known as "Elberta." Such being the case, the purchaser was under no obligation to take the portion of the "Snoflour" brand which remained undelivered; and a verdict in favor of the defendant generally was authorized in accordance with the charge of the court, which correctly submitted these principles of law. This ruling is not in conflict with the principle adopted by the courts of this State to the effect that where goods are to be delivered in instalments, and a portion is delivered and paid for by the purchaser, he can not thereafter rescind as to the remainder of the contract merely upon the ground that the portion received and accepted by him did not come up to the specifications as to quality expressed and described by the seller's warranty. See Civil Code (1910), §§ 4136, 4137; *Henderson Elevator Co.* v. *North Georgia Milling Co.,* 126 *Ga.* 279 (2-4), 282 (55 S. E. 50) ; *Willett Seed Co.* v. *Kirkeby-Gundestrup Seed Co.,* 145 *Ga.* 559 (89 S. E. 486). The reason for this rule is that the purchaser, under such circumstances, will not be permitted to assume that the remaining shipments will fail to comply with the descriptive warranties made by the seller; whereas the vendee in the instant case having contracted for the purchase of a particular brand known as "Snoflour" on the warranty that it was equal in quality to the "Elberta" brand, and having shown by his evidence that the "Snoflour" brand was in fact greatly inferior to the "Elberta," he is not required knowingly to accept a brand which he has already ascertained fails to come up to the requirements of the contract.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 7, 1934.

*Wright, Jackson & McClure,* for plaintiff.

*W. Inman Curry, William M. & Henry G. Howard,* for defendant.