41278. CANADA DRY BOTTLING COMPANY et al. v. CAMPBELL.

ARGUED MAY 3, 1965—DECIDED JULY 9, 1965.

Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher, A. Montague Miller, for plaintiff in error.

Franklin H. Pierce, Jay M. Sawilowsky, contra.

JORDAN, Judge. Jeff Campbell filed suit in the City Court of Richmond County to recover damages for personal injuries which he sustained as the result of a collision between a school bus operated by him and a soft drink truck owned by the defendant Canada Dry Bottling Company and operated by its employee, the defendant Frank Russo. Damages were sought in the amount of $75,000 for pain and suffering, $1,362.22 for medical expenses incurred and $2,229.50 for past lost wages.

The defendants filed an answer to the plaintiff's petition in which they denied the allegations of negligence charged against them, and the case proceeded to trial. The jury returned a verdict for the plaintiff in the amount of $18,500 and the defendants filed a motion for new trial which, as amended by the addition of several special grounds, was denied. The exception is to that judgment.

1. After the introduction of evidence by the plaintiff, the defendants announced that they did not intend to introduce any evidence and requested the court to permit their counsel to make the opening and concluding argument to the jury. This request was denied by the court and in special ground 4 of the amended motion for new trial, the defendants assign error on that ruling.

Under the decisions of the Supreme Court in Moore v. Carey, 116 Ga. 28 (5) (42 SE 258); Willett Seed Co. v. Kirkeby-Gundestrup Seed Co., 145 Ga. 559 (5) (89 SE 486); Williamson v. Williamson, 176 Ga. 510 (168 SE 256); Martin v. Martin, 180 Ga. 782 (5) (180 SE 851); Milligan v. Milligan, 209 Ga. 14 (70 SE2d 459); Sutherland v. Woodring, 216 Ga. 621 (118 SE2d 482), the defendant in a civil case is entitled to the opening and concluding argument when he introduces no evidence.

As pointed out in the Williamson case, supra, the rule that the defendant in a civil case is entitled to the opening and concluding argument only when he has admitted a prima facie case

in behalf of the plaintiff (See *Abel v. Jarratt & Co.*, 100 Ga. 732 (28 SE 453); *Central of Ga. R. Co. v. Morgan*, 110 Ga. 168 (35 SE 345); *Brunswick & Western R. Co. v. Wiggins*, 113 Ga. 842 (39 SE 551, 61 LRA 513); *State Hwy. Dept. v. Smith*, 111 Ga. App. 292 (141 SE2d 590)) applies only where both parties have introduced evidence. *Simmons v. Brannen*, 155 Ga. 494, 496 (117 SE 318).

The trial court erred, therefore, in refusing to allow defendants' counsel to make the opening and concluding argument to the jury; and such error requires the reversal of this case. *Chapman v. Atlanta & W. P. R. Co.*, 74 Ga. 547; *Phelps v. Thurman*, 74 Ga. 837; *Buchanan v. McDonald*, 40 Ga. 286. The fact that a verdict for the plaintiff was demanded on the issue of liability does not render this error harmless as this was a suit for unliquidated damages, and it cannot be said that a verdict in the amount rendered was demanded. *Willett Seed Co. v. Kirkeby-Gundestrup Seed Co.*, 145 Ga. 559, supra.

The contention of the plaintiff that this ground of the amended motion was too incomplete for consideration since the defendants did not expressly recite therein that the error complained of was prejudicial to them is without merit. As stated in the *Phelps* case, supra, the improper denial of the right to the opening and concluding argument is presumptively harmful to the deprived party.

2. The evidence adduced on the trial of this case demanded a finding that the plaintiff sustained a severe and painful "whiplash" injury as the proximate result of the negligence of the defendant's company truck driver in striking the rear of the school bus while it was stopped for the purpose of receiving passengers. The trial court did not err, therefore, as contended in special ground 6 in withholding the issue of liability from the jury and in submitting only the issue of damages for their consideration.

3. The error complained of in special ground 5 was an obvious oversight on the part of the trial court, and since it is unlikely to recur on the subsequent trial of this case, this ground need not be considered. Likewise, since this case is being reversed, it is unnecessary to consider the errors complained of in the remaining special ground other than to point out that the trial

court in its charge to the jury should make it clear that the measure of damages for pain and suffering (that is, the enlightened conscience of the jury), does not apply to the special damages sought, and should specifically charge the jury with reference to the correct measure of damages for such items of recovery.

4. For the reasons stated in Division 1 of the opinion, the judgment of the trial court must be reversed.

*Judgment reversed. Felton, C. J., and Deen, J., concur.*