### 57973. SPURLOCK v. COMMERCIAL BANKING COMPANY et al.

QUILLIAN, Presiding Judge.

For a full statement of facts relative to the background of the instant case see *Spurlock v. Commercial Banking Co.,* 138 Ga. App. 892 (227 SE2d 790), affirmed *Commercial Banking Co. v. Spurlock,* 238 Ga. 123 (231 SE2d 748), in which this court held that a lender bank holding a security agreement executed by only one of two joint owners of a certificate of deposit with right of survivorship could *not* deduct upon the loan's maturity the debt owed by its borrower from the proceeds of the joint deposit certificate after the death of the individual borrower.

While the first *Spurlock* case, supra, was pending in the appellate courts, Virginia B. Spurlock, as executrix of the estate of S. T. Spurlock, brought this action against the Commercial Banking Company and Bobby Weatherington, President of the bank, seeking to recover from the bank for its failure to obtain credit life insurance on the deceased, S. T. Spurlock. According to the allegations of the complaint and to the exhibits attached thereto, the deceased secured a loan in the amount of $9,666.27

from the defendant bank; that contained on the note which was executed by the deceased was a charge in the amount of $141 for credit life insurance. It was alleged that the defendants breached the contract with the plaintiff's deceased in that they had agreed to procure insurance coverage and by reason of fraud, carelessness, or negligence failed to do so. It should be observed that while the note contained the amount of $141 charge for credit life insurance, that the portion of the note entitled "Insurance Statement" were blank parts to check as follows:

"☐ Loan not eligible for Credit Life Insurance.

☐ I decline Credit Life Insurance.

☐ I request Credit Life Insurance at a cost of $——— for the term of the credit."

This portion was left blank and unchecked.

The defendants answered the claim and denied the material allegations of the complaint. After the decision of the Supreme Court in *Commercial Banking Co. v. Spurlock,* 238 Ga. 123, supra, which affirmed the Court of Appeals' decision in *Spurlock v. Commercial Banking Co.,* 138 Ga. App. 892, supra, the defendant bank filed a counterclaim in which it sought to recover the amount due under the note. The trial judge at first permitted the counterclaim and then set it aside in order that a hearing be held regarding whether the counterclaim would be allowed. After that hearing an order was entered permitting the counterclaim to be filed.

The cause proceeded to a pretrial conference and resulted in a pretrial order by which bifurcated trials were decreed. A separate trial was first held on the issue of the counterclaim, that is, whether the bank was entitled to recover based on the note it alleged the deceased had executed. Thereafter, a second trial was had on the main complaint concerning whether the plaintiff was entitled to recover from the bank for its failure to obtain credit life insurance for the plaintiff's deceased. The first trial resulted in a verdict for the bank on its counterclaim, and the second trial resulted in the direction of a verdict for the bank against the plaintiff's claim. The plaintiff appeals from the final judgment entered as result of both trials. *Held:*

*The Counterclaim Trial*

1. The plaintiff argues that when the trial judge dismissed the counterclaim, subject to a hearing, this operated as an adjudication on the merits within the purview of Code Ann. § 81A-141 (b) (Ga. L. 1966, pp. 609, 653). In view of the posture of the proffered counterclaim, as well as the conditional nature of the judgment, we would not construe such ruling to be an adjudication on the merits. Moreover, Code Ann. § 81A-154 (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049) provides that where there is more than one claim for relief, in the absence of an express determination "any order or other form of decision, however designated,. which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." There is no merit to this argument.

2. The plaintiff contends that the counterclaim should have been dismissed since it was not timely filed under Code Ann. § 81A-113 (Ga. L. 1966, pp. 609, 625).

Code Ann. § 81A-113 (e) (Ga. L. 1966, pp. 609, 625) provides: "A claim which either matured or was acquired by the pleader after serving his pleading may, with permission of the court, be presented as a counterclaim by supplemental pleading." Code Ann. § 81A-113 (f) (Ga. L. 1966, pp. 609, 625) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." As is readily apparent, there is a sound basis for holding that the defendant bank's counterclaim did not mature until after the judgment of the Supreme Court which held that the bank was not entitled to set off the sum due on the note as against an amount owed by the bank on the certificate of deposit. But even if this were not true, the trial judge, acting within his discretion, certainly had a right to permit the omitted counterclaim in view of the circumstances of the case and the fact that the defendant was not sure of its rights until the Supreme Court made its

ruling. It was not error to permit the defendant to file the late counterclaim.

3. (a) The plaintiff conceded in its pleading that the note was executed by its deceased. In fact, the plaintiff was compelled to rely on such execution in order to sustain its action seeking to recover for the bank's failure to obtain credit life insurance. However, the trial judge held that the effect of the stipulation and the ruling in the pretrial order was to allow the plaintiff to withdraw the admission insofar as the defendants' counterclaim seeking to recover on the note was concerned. This ruling, which was not appealed from, had the effect of depriving the admissions of the status of being in judicio. See Code § 38-402. However, the admissions by the plaintiff, contained in withdrawn pleadings, could have been used as evidence by defendant (see *Bunn v. Atlantic C. L. R. Co.,* 18 Ga. App. 66 (2) (88 SE 798); *Clift & Goodrich Inc. v. Mincey Mfg. Co.,* 41 Ga. App. 38 (1) (152 SE 136); *La Hatte v. Walton,* 53 Ga. App. 6, 15 (184 SE 742); *Davis v. Calhoun,* 128 Ga. App. 104 (2) (195 SE2d 759)) but were not so utilized. Hence, the defendant did not make out a prima facie case in favor of its counterclaim based on the plaintiff's admissions.

(b) In *Morgan v. White,* 121 Ga. App. 794, 795 (175 SE2d 878) we held "as we construe the present law the denial of the execution of a contract (non est factum) is no longer a defense which must be affirmatively pleaded." Thus, in the case sub judice, the general denial of the plaintiff to the allegations of the defendant's counterclaim was sufficient to raise the defense of non est factum. *Tankersley v. Security Nat. Corp.,* 122 Ga. App. 129, 130 (3) (176 SE2d 274); *Tucker v. Chung Studio of Karate,* 142 Ga. App. 818 (2) (237 SE2d 223). That being true, the plaintiff did not admit the signature within the meaning of Code Ann. § 109A-3—307 (Ga. L. 1962, pp. 156, 256). It was therefore error for the trial judge to charge that under that section, the plaintiff not having specifically denied the execution of the instrument, the signature was admitted to be genuine.

4. During the course of the trial, the defendant Weatherington, an agent of the defendant bank, was permitted to testify that he was familiar with the signature of the deceased and that in his opinion the

signature on the note was that of the deceased.

Under Code Ann. § 38-1603 (3) (Code § 38-1603 (3), as amended through Ga. L. 1953 Nov. Sess., pp. 319, 320) Weatherington, as agent of the corporation, was not permitted to testify as to communications and transactions with the deceased. The defendant bank argues strenuously that the testimony in question is not a direct violation of the Code section. However, this argument has been determined adversely to the defendant's contention in the case of *Neely v. Carter,* 96 Ga. 197, 201-202 (23 SE2d 313) where a witness sought to testify she was familiar with the handwriting of certain deceased persons and from such knowledge could testify that the signatures of all of them were genuine. The court held "We think it quite clear that she could not be permitted to testify indirectly to that which she would not be permitted to swear to directly. To swear to the genuineness of a signature purporting to have been made by one of the deceased makers would only be another way of proving the physical fact of execution." The court pointed out "On the trial of a man for forgery, his wife would certainly be incompetent to swear directly to the commission of the offense in her presence; and she would be equally incompetent as an expert witness to fasten the crime upon him by testifying to her opinion that the signature to the forged paper was in his handwriting." Accord, *Ramsey v. Ramsey,* 174 Ga. 605, 609 (163 SE 193). Therefore, in this case we are constrained to hold that the witness for the defendant bank could not accomplish by indirection that which was not permitted directly, to wit, testify as to transactions with the deceased. For this further reason the verdict and judgment rendered on the counterclaim must be reversed.

5. The remaining enumerations of error are either without merit or not likely to recur on a retrial of this case.

*Trial on the Complaint*

1. The trial judge did not err in refusing to permit a witness who was the vice president of another bank, not involved in the transaction at issue, to answer the question: (assuming certain facts contained in a previous question to which an objection had been sustained) "Do you have an opinion as to whether or not you would have

followed the normal course that would normally be followed by the banking industry in filing for credit life insurance?"

2. The plaintiff failed to establish a case on which she could recover. *Cherokee Credit Life Ins. Co. v. Glisson*, 124 Ga. App. 527 (184 SE2d 479); *Coates v. Vulcan Life &c. Co.*, 128 Ga. App. 731 (197 SE2d 788); *Minter v. Ga. Piggly-Wiggly Co.*, 185 Ga. 116 (194 SE 176).

*Judgment reversed on the trial of the counterclaim; affirmed on the trial of the main complaint. Smith and Birdsong, JJ., concur.*

ARGUED JUNE 11, 1979 — DECIDED OCTOBER 9, 1979 —

*Reginald C. Wisenbaker,* for appellant.
*John McTier,* for appellees.