No. 64.—LEMUEL COBB *et al.* plaintiffs in error, *vs.* HUMPHREY W. COBB, defendant in error.

[1.] When the administrators of deceased co-obligors are sought to be made parties defendants to an application to establish a lost bond, the names of such administrators should be stated in the petition and *rule ni si*, with as much distinctness as in other suits.

[2.] In an application to the Superior Court by petition, to establish lost papers, under the 6th section of the Judiciary Act of 1799, such petition must allege that the defendants, or one of them, resides in the County in which the application is made, in order to give that Court jurisdiction of their persons, such application being considered in the nature of a *suit*.

Rule' *ni si*, in DeKalb Superior Court. Decided by Judge HILL, March Term, 1851.

In November, 1838, Lemuel Cobb was appointed administrator on the estate of Humphrey Cobb, and executed his bond, with Jesse F. Cleaveland and Benjamin B. Avery as his securities. The bond was subsequently destroyed by fire. At the September Term, 1850, of DeKalb Superior Court, Humphrey

W. Cobb, one of the heirs-at-law of Humphrey Cobb, deceased, filed his petition, praying the establishment of a copy bond in lieu of the original ; at which time the Court granted the following rule *ni si*:

"It appearing to the Court, by the petition of Humphrey W. Cobb, and copy bond and affidavit thereto annexed, that the original bond was executed by said Lemuel Cobb, Jesse F. Cleveland and Benjamin B. Avery, and that the original bond has been destroyed by fire, and that said Humphrey W. Cobb is interested in the establishment of the same, as he is one of the heirs-at-law of Humphrey Cobb, whose name is mentioned in said bond, and upon whose estate the said Lemuel Cobb was appointed the administrator, and the said Humphrey W. Cobb prays the establishment of said copy bond in lieu of the original so lost : It is therefore ordered, that said Lemuel Cobb, Jesse F. Cleveland, or their administrators, and Benjamin B. Avery, show cause, if any they have, by the first day of the next term of this Court, why the said copy bond should not be established in lieu of the original bond ; and it is further ordered, that a copy of this rule be served personally on the administrators of the said Lemuel Cobb and Jesse F. Cleveland, and on said Avery, if to be found within this State, and if not, that it be published in one of the public gazettes of this State three months previous to the next term of this Court."

A copy of this rule was served personally on James Smith, administrator of Jesse F. Cleveland, by the Sheriff of Bibb County. The plaintiff in the rule, at the March Term, 1851, showed that the rule *ni si* had been published in one of the public gazettes of the State, for three months previous to the setting of the Court, and moved the Court to make the rule absolute. To which motion counsel for James Smith, administrator of Jesse F. Cleveland objected, on the following grounds :

1st. Because the rule *ni si*, as published, did not notify the defendants that might not be found in the State, that it was published as a service upon them, nor does it contain an order that service should be perfected in that way.

2d. Because neither of the defendants in the rule resided in

Cobb *et al. vs.* Cobb.

the County of DeKalb, and, therefore the Court in DeKalb had no jurisdiction, and the Sheriff of Bibb County had no right to serve James Smith in the County of Bibb, with the rule issued from the County of DeKalb, and returnable to the said County of DeKalb.

3d. Because it did not appear to the Court by the rule, or in any other way, who was the administrator of Lemuel Cobb, or that there was one appointed.

The Court overruled the objections and made the rule absolute, and counsel for plaintiffs in error excepted.

MURPHY & COLLIER, for plaintiffs in error.

CALHOUN, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

Two objections were made to the petition filed in this case. First, that it did not appear therefrom what were the names of the administrators of Lemuel Cobb and Jesse F. Cleveland.

2d. Because it did not appear on the face of the petition or rule *ni si* to establish the lost bond, that either of the parties defendant resided in the County of DeKalb, and, therefore, that Court had no jurisdiction of the persons of the defendants.

[1.] In regard to the first point, we think the names of the legal representatives of the deceased parties should be stated as distinctly in a proceeding of this kind, as in any other suit, and for the same reasons—the more especially when service is to be perfected by *publication.*

[2.] The second objection is, in our judgment, also well taken. By the 6th section of the Judiciary Act of 1799, the Superior and Inferior Courts, respectively, " have the "power and authority to establish copies of lost papers, deeds, or other writings, under such rules and precautions as are or may have been customary, and *according to Law and Equity.*" By the 52d Common Law rule of practice, it is provided, that when any person shall seek to establish lost papers under the 6th section of the

Cobb *et al.* *vs.* Cobb.

Judiciary Act of 1799, he shall present a *petition* to the Superior Court, together with a copy in substance of the lost paper, &c. whereupon a *rule ni si* may be obtained, calling upon the *opposite party* to show cause, &c. which rule shall be personally served on the party, if to be found in the State, or if not to be found, then published in some public gazette of the State for three months. 2 *Kelly*, 476.

This application to establish lost papers, according to the provisions of the Judiciary Act of 1799, is, in our judgment, a *suit*, and the application should be made in the County of the defendant's residence, or in the County in which one of the defendants reside, when there is more than one. The petition should set forth, upon its face, that the defendant resides in the County in which the application is made, in the same manner as in other suits, so as to give to the Court jurisdiction. The application to the Court to establish lost papers is not any the less a *suit*, because our Judiciary Act and rules of practice have simplified the mode of proceeding—made it more expeditious and less expensive. What reason is there why a defendant in an application to establish lost papers, should be compelled to go out of the County of his residence to defend such application, any more than a defendant who is sued on a promissory note? The papers may have been lost by the *negligence of the party* seeking to establish them—the non-payment of the note is the *act of the party who defends it*. Besides, the right of the applicant to have his alleged lost paper established, may be traversed by the defendant, and a long and expensive Jury trial be had between the parties.

There being no allegation in the petition presented by the plaintiff, seeking to establish the lost bond, that either of the defendants resided in the County of DeKalb, that Court had no jurisdiction of *their persons*, and for that reason the application should have been dismissed.

Let the judgment of the Court below be reversed.