## Orr *et al.,* executors, *v.* Dunn.

Atkinson, J. 1. This case, being an action to establish a lost deed, was before this court on a former occasion, when a judgment was rendered affirming the judgment of the trial court in the first grant of a new trial. *Dunn* v. *Orr,* 134 *Ga.* 526 (68 S. E. 79).

2. The examination preliminary to the introduction of secondary evidence of a lost original is left largely to the presiding judge; and where

he is satisfied and admits the secondary evidence, it must be a clear case of abuse of discretion to require the interference of this court. *Phillips* v. *Lindsey,* 65 *Ga.* 139; *Graham* v. *Campbell,* 56 *Ga.* 258; Civil Code, § 5759.

(a) The evidence as to the loss of the original deed of which it was sought to establish a copy was sufficient to show no abuse of discretion by the judge in admitting secondary evidence.

3. The copy of the alleged lost deed as set out in the petition was exhibited to one of the purported subscribing witnesses thereto, when he was being examined as a witness on the trial and after he had testified as to the contents of the lost deed (giving a detailed description of the land therein conveyed); and he was asked to state whether or not the alleged copy was a substantial copy of the deed which he testified that he had witnessed, and he answered that to the best of his knowledge the paper was a true copy of the original deed. It appears from the record that the copy-deed exhibited to the witness was in all respects substantially in accord with his testimony as given before its exhibition to him. *Held,* that the admission of this testimony over objection was not erroneous on the ground that the witness had already undertaken to describe the boundary of the land independently of the copy, and could not be allowed to refresh his memory by looking at an alleged copy which the witness did not make. It is obvious that the submission of the copy-deed to the witness was not for the purpose of refreshing his memory.

4. An heir at law of the grantee in an unrecorded deed conveying land has such an interest in the land as will authorize him to maintain an action to establish a copy of the deed after it has been lost. Civil Code, §§ 3929, 3657, 4191, 5314. See also *Cobb* v. *Cobb,* 10 *Ga.* 445; *Eagan* v. *Conway,* 115 *Ga.* 130 (41 S. E. 493); 25 Cyc. 1619.

(a) In a proceeding of the character just indicated, it was not a valid ground of objection to the testimony of the plaintiff, stating that the intestate died in the county and there was no administration upon her estate, that no allegation to that effect had been made in the petition.

5. It was alleged in the petition and admitted in the answer that the original deed was never recorded in the county. Evidence as to unexplained mutilation of the record books by erasion of the letter O in the index, and extraction of pages covering a period of twenty days commencing from the date of the deed, was irrelevant for the purpose of being considered in connection with testimony to the effect that one of the defendants, who had not been sworn as a witness, carried the deed, at a date not stated, to the county seat and returned with it, stating that it was recorded, and gave it to the grantee. It can not be said, however, under the facts of the case, that the error in admitting such evidence will require a reversal.

6. The charge complained of in the eighth ground of the motion for new trial was in accord with the ruling announced in the fourth headnote, and was not erroneous for any reason assigned.

7. It was not erroneous to charge: "I charge you that if you believe that such a deed was made as claimed by the plaintiff, it would be

immaterial to you as to how the remainder of the property existed, if there was any property left; that does not concern you at all."

8. The evidence was sufficient to authorize the verdict, and none of the grounds of the motion for new trial show any error requiring the grant of a new trial.       *Judgment affirmed. All the Justices concur.*

APRIL 15, 1916.

Action to establish lost deed. Before Judge Jones. Dawson superior court. August term, 1915.

*R. H. Baker* and *W. A. Charters,* for plaintiffs in error.

*O. J. Lilly,* contra.