MARTIN *v.* MARTIN *et al.*

No. 10516. July 10, 1935.

*Watkins, Asbill & Watkins,* and *Mitchell & Mitchell,* for plaintiff.

*James K. Rankin* and *Hewlett & Dennis,* for defendants.

HUTCHESON, Justice. Mrs. Clara Martin filed her petition for permanent alimony against D. O. Martin Sr., and against D. O. Martin Jr., John Wesley Martin, and Mrs. Ruby Adair, children of D. O. Martin Sr. by a former marriage. She alleged that D. O. Martin Sr. and his said children entered into a conspiracy, the purpose of which was to divest him of all his property and thus defeat any claim she might have for support and maintenance; that he made to each of said children a deed to certain property, reciting a consideration of love and affection and $10, but that these deeds were in fact voluntary conveyances; and she prayed that they be decreed null and void and be canceled. D. O. Martin Sr. filed an answer denying the material allegations of the petition. He admitted making the deeds, but alleged that they were not made for the purpose of defrauding his wife or any one else, and were made for a valuable consideration, in that the $10 was actually paid in each case, and that the grantee in each instance assumed payment of incumbrances on the property. The children also filed an answer, denying any conspiracy as charged. Upon the trial the petitioner was given a stated monthly amount as permanent alimony, but the jury found against the setting aside of the deeds. The petitioner made a motion for new trial, which was overruled, and she excepted.

The charge to the jury, as complained of in the first special ground of the motion for new trial, was erroneous in the abstract, because it placed upon the plaintiff a burden greater than that imposed by law, in that it required her not only to prove that the

deeds were made with intent to defraud, but that such intention was known to the grantees or they had reasonable grounds to suspect it. But the jury were further instructed that before such cancellation could be had, it must appear that the husband was rendered insolvent by the execution of such a deed. Under the facts of this case, however, the error was harmless to the plaintiff, because it appeared without dispute, from the pleadings and the evidence, that the husband was insolvent, and the addition of his insolvency as a condition to recovery was not harmful to the plaintiff.

Reference to a deed of gift was harmless error, because it appeared without dispute that the deeds here involved were not deeds of gift, and the plaintiff would not have been entitled to recover upon any theory that the deeds were voluntary and made at a time when the husband was insolvent or that he was by their execution rendered insolvent. Nor is the charge excepted to in ground 2 error for the reason that it omitted reference to reasonable grounds of suspicion on the part of the grantees. This exception expressly referred to previous instructions whereby the judge substantially charged the jury that the deeds would be void if made with intent to defraud and such intention was known to the grantees or they had reasonable grounds to suspect such fraud. Code of 1933, § 28-201.

The court did not err in refusing to give in charge to the jury, on request, section 28-201 of the Code of 1933; for the reason that the request was that the section be given in its entirety, whereas subsection 1 of said section would not have been pertinent to the facts in the case. *Battle* v. *State,* 103 *Ga.* 53 (29 S. E. 491); *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (10) (80 S. E. 36).

There was no error in the refusal of the court to give in charge an instruction as follows: "I charge you that fraud may not be presumed, but, being itself subtle, slight circumstances may be sufficient to carry conviction of its existence. The conveyances sought to be set aside in this case being between a father and his children, I charge you that the transactions must be scanned with care and scrutinized closely, and that the bona fides of the transactions should be made clearly to appear before you find in favor of it being a bona fide transaction." The mere fact that a transaction occurred between father and child is not of itself fraudulent; there must be some other badge of fraud in connection therewith. *Edge* v. *Calhoun National Bank,* 155 *Ga.* 821 (118 S. E. 359).

■ When the defendant in a civil case introduces no evidence, he is entitled to the opening and conclusion of the argument. *Williamson* v. *Williamson,* 176 *Ga.* 510 (2) (168 S. E. 256). And this is true even though the plaintiff should call as a witness the defendant himself and subject him to examination.

■ The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent.*