31755.  PHILLIPS *v.* SMITH *et al.*

DECIDED FEBRUARY 19, 1948. REHEARING DENIED MARCH 26, 1948.

*Jule & A. C. Felton III,* for plaintiff in error.
*Fort & Fort, R. L. LeSueur,* contra.

GARDNER, J.  The defendants in error whom we shall call the plaintiffs, obtained a judgment against the plaintiff in error, hereinafter called the defendant, for $800 for the desecration of a cemetery.  The general grounds are abandoned.  We will discuss the special grounds in order.

The first special assignment of error in the amended motion for new trial is based upon the refusal of the trial judge to allow the defendant the opening and concluding arguments, counsel for the defendant not having put up any evidence, they having only interrogated the defendant, who was put on the stand by counsel for the plaintiffs.  Under such circumstances the defendant's counsel were entitled to the opening and concluding arguments. See *Martin* v. *Martin,* 180 *Ga.* 782 (5)  (180 S. E. 851) ; *Elmgren* v. *Murrin,* 26 *Ga. App.* 250 (1)  (105 S. E. 709) ; *Phelps* v. *Thurman,* 74 *Ga.* 837; *Buchanan* v. *McDonald,* 40 *Ga.* 288.  The right to the opening and concluding arguments is an important one, and improper denial of it will work reversal.  *Phelps* v. *Thurman,* supra.  That the trial court improperly denied counsel for the defendant this right in the instant case, is well settled under the authority of *Martin* v. *Martin,* supra.  It must be borne in mind that counsel for the defendant conducted the case in no manner causing the court to commit this error.  The record discloses that, upon the completion of the evidence, when counsel for the de-

fendant started to open the argument as was their right, the court deprived them of it. As we view the case, the motion of counsel to reopen the evidence and allow them to put on witnesses for the defendant after the error was committed, constitutes neither a waiver nor a ratification of the error. The error itself forced counsel for the defendant into the position of taking what was left of their case and trying it as best they could. If inadmissible evidence is admitted over timely objections, the opposing party waives nothing by introducing other evidence to disprove it. It seems injudicious to require counsel under such circumstances to proceed with the trial of a case in a manner deemed less advantageous to the client, merely because the court committed an error to which such counsel is in no way a party. See *Georgia Veneer & Package Co.* v. *Florida Nat. Bank,* 198 *Ga.* 591-609 (32 S. E. 2d, 465). We think that the situation here is analogous to the one in the cases which hold that, when illegal evidence is offered and objected to by the opposite party and such objection overruled and such illegal evidence admitted, the objecting party is not thereafter estopped from cross-examining the witness or disproving the illegal testimony. "There are cases holding that objections to testimony are waived when the objecting party on cross-examination subsequently goes into the same matter, but this is clearly contrary to the weight of authority. It would indeed be a strange doctrine, and a rule utterly destructive of the right and all the benefits of cross-examination, to hold a litigant to have waived his objection to improper testimony because, by further inquiry, he sought on cross-examination to break the force or demonstrate the untruthfulness of the evidence given in chief, in the event, as would most usually occur, that the witness should on his cross-examination repeat or restate some or all of his evidence given on his direct examination." 53 Am. Jur. 128, § 143. (See citations in footnote.) "To constitute a waiver, the right or privilege alleged to have been waived must have been in existence at the time of the alleged waiver." 56 Am. Jur. 113, § 13. At the time of the alleged waiver in this case, the right alleged to have been waived had already been taken by the ruling of the trial court complained of and was therefore not in existence.

The judge in the instant case had erroneously ruled that the

defendant (plaintiff in error here) did not have the right to the opening and concluding argument. In these circumstances, the defendant had but one remedy or mode of procedure to correct this ruling, and that was to proceed or go ahead with the trial of the case and except to the erroneous ruling in a special ground of the motion for a new trial. It might be said that the defendant could stand pat and introduce no evidence but, if he did so, the case would nevertheless proceed and he would still have to wait and except to the erroneous ruling in a special ground of the motion for a new trial, or it might be said that he could voluntarily dismiss his case. If he did so, he would have no case left in court and certainly would have no remedy for the correction of the erroneous ruling.

Included in the line of cases relied upon by the defendants in error, is *Rivers* v. *Key*, 189 *Ga.* 832 (1) (7 S. E. 2d, 732), which states: "Whether or not the petition before its amendment was defective, as urged by the general demurrers, the plaintiffs having submitted to the adverse ruling on the demurrers by requesting leave and seeking to amend so as to conform thereto, they can not thereafter be heard to complain that the ruling was erroneous and that the amendment which they elected to offer was in fact unnecessary; and this is true notwithstanding they have sued out a writ of error on such ruling. . . The effect of the order sustaining the demurrers, as thus acquiesced in by the plaintiffs, was to adjudicate that the petition as it then stood was defective for the reasons stated in such demurrers."

In those cases the complaining party had a right to elect whether he would adopt another inconsistent remedy which was available to him; that is, he would amend his pleadings and proceed with the trial of the case. Having elected the latter remedy and voluntarily amended to meet the demurrer, his election estopped him from asserting the first remedy. *Lavenden* v. *Haseman*, 157 *Ga.* 275, 279 (121 S. E. 646). In *Curry* v. *Washington Nat. Ins. Co.*, 56 *Ga. App.* 809, 811 (194 S. E. 825), it is said: " 'An election of remedies is defined as the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts.' 9 R. C. L. 956; *Hand* v. *Brown*, 144 *Ga.* 272, 274 (86 S. E. 1080), and cit. The basis of the doctrine of election of remedies is an estoppel, to wit, that

a party can not, in the assertion or prosecution of his rights, occupy inconsistent positions. There must therefore actually exist two inconsistent remedies." In short, the difference between this case and those cases is that in those cases there actually existed two inconsistent remedies and modes of procedure, and the adoption of the one worked an estoppel to assert the other. Whereas in the instant case the defendant had only one remedy and one mode of procedure to correct the error, and that was to go ahead with the trial and except to the error in a special ground of the motion for a new trial.

The fact that, after the ruling of the judge that the defendant was not entitled to the opening and concluding argument, the defendant asked for permission to reopen the case and introduce evidence and did so with the permission of the court, would not amount to an assumption by agreement that the defendant was not entitled to the opening and concluding argument or an acquiescence in such previous adverse and erroneous judgment, since the question had already been determined by an adverse adjudication of the court and there was nothing left for the defendant to do except "to go ahead." *Singer Sewing Machine Co.* v. *Crawford*, 34 *Ga. App.* 719 (4) (131 S. E. 103).

The other special assignments of error urged are to the effect that the court did not give to the jury the correct measure of damages; and specifically because the court charged as follows: "On the other hand, if you believe Mr. Phillips cut this timber and mutilated or desecrated the graves or any of the graves of these ancestors of these plaintiffs, and he did it wilfully and wantonly and fraudulently and in utter disregard of the rights of others, and Mr. Brooks had no connection with it, then you would have a right to find against him alone whatever amount which might be allowed as exemplary damages, which are allowed not only to deter the wrongdoer, but as examples for other people, of course." The entire charge of the court, including the above excerpt, under the record of this case, was sufficiently correct under the Code, § 105-2002, which reads as follows: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings

of the plaintiff." It is contended by counsel for the defendant that the court should have charged the provisions of the Code, § 105-2003. This assignment is based on the contention that since the court had sustained a demurrer to the petition seeking to recover the value of the timber cut off the cemetery, there was nothing left on which to base the charge of the court as given. The plaintiffs did prove, however, damage to the graves themselves, the walls and the markers of the cemetery, and that this damage was done, even though nominal, by the defendant in removing the trees from the cemetery. See *Jacobus* v. *Children of Israel*, 107 *Ga.* 518 (33 S. E. 853, 73 Am. St. R. 141). This being true, it is our opinion that the damages recoverable were those specified in the Code, § 105-2002, and it would have been error for the court to have charged also the provision of the succeeding section. Counsel for both the plaintiffs and the defendant cite and rely upon *Franklin* v. *Evans*, 55 *Ga. App.* 177 (189 S. E. 722). That case was reversed on the ground that the charge of both sections of the Code, above referred to, was presumed to be harmful, in that it authorized the jury to return double damages for the same trespass. We have no such question as that here, because counsel for the defendant admit that the judge did not charge the provisions of the Code, § 105-2003, but say that he should have done so.

The court erred in overruling special ground 1 of the amended motion for a new trial; but did not err in overruling the other special grounds.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*