BRYAN, guardian, *et al. v.* BARNETT *et al.*

No. 16576.   MARCH 16, 1949.

96

*Isaac S. Peebles Jr.* and *Stevens & Stevens,* for plaintiffs.
*Earle Norman* and *Robert E. Knox,* for defendants.

HEAD, Justice. ■ Counsel for the plaintiff in error (petitioner in the court below) contend that the verdict for the defendant is contrary to the evidence, without evidence to support it, and that a new trial should be granted upon the general grounds. This contention is not sustained by the record. Approximately ten witnesses testified for the petitioner that in their opinion the grantor in the lease and option contract was incapable of understanding the nature of such a contract, and the opinion of these witnesses was duly supported by facts stated by them. Approximately the same number of witnesses testified to facts and stated that in their opinion the grantor in the lease and option contract was capable of understanding her acts and of executing the contract. While the jury would have been authorized to return a verdict for the petitioner, the verdict for the defendant is amply supported by the evidence. It was not error to overrule the general grounds of the motion for new trial.

■ Grounds 1 and 2 of the amended motion for new trial assign error on the admission in evidence of copies of a security deed, and a deed under power of sale, to the grantor in the lease and option contract, the objection made being that the original deeds would be the highest and best evidence, that the originals

had not been accounted for, and that such deeds had no probative value.

The guardian testified with reference to the original deeds in part as follows: "I went through Miss Annie's papers and I found what I gave to Mr. Stevens. I looked through those papers after I was appointed guardian. . . I have not completely searched the house. I found one box of papers in the trunk, and those are the only papers that I know of. I don't know if such papers exist or not; I haven't found them."

The guardian was appointed in May, 1947, and the trial of the case was had in September, 1948. The guardian's ward, whose contract the guardian sought to set aside, died in June, 1947. In approximately fourteen months after the death of the ward the guardian had not located or come into possession of the original deeds.

"The sufficiency of the examination preliminary to the introduction of secondary evidence of a lost original is left largely to the presiding judge; and where he is satisfied and admits secondary evidence, his discretion will not be interfered with, unless clearly abused." *Turner* v. *Elliott,* 127 *Ga.* 338 (56 S. E. 434). See also *Orr* v. *Dunn,* 145 *Ga.* 137 (2) (88 S. E. 669); *Brookman* v. *Rennolds,* 148 *Ga.* 729 (98 S. E. 543).

Under the evidence of the guardian, the trial judge did not abuse his discretion in admitting the secondary evidence complained of in grounds 2 and 3.

■ In ground 3 objection is made to the admission of certain testimony, and it is stated: "Whereupon the court held that it was admissible at that stage. Movant then and there and now assigns the same as error for the reasons set forth above."

Where the trial court conditionally admits evidence, it is the duty of counsel objecting to the admission of such testimony to invoke a later and final ruling, if he so desires, and the failure of the court to later exclude testimony provisionally admitted is not error where the party making the objection does not later renew his objection to the admission of such evidence. See *Bacon* v. *Bacon,* 161 *Ga.* 978 (133 S. E. 512); *Thompson* v. *State,* 166 *Ga.* 513 (6) (143 S. E. 896).

■ Ground 4 assigns error on a ruling of the court admitting

■

in evidence a part of the testimony of a witness, and excluding a part of the testimony, it being contended that it was not clear as to what evidence was admitted or excluded, and that the jury was confused by the court's ruling.

If, as contended by counsel for the movant, the ruling of the court was not clear, it was the duty of counsel to call the matter to the court's attention and invoke a specific ruling. The testimony of the witness that the grantor in the lease and option contract was mentally "all right" was admissible. *Arnold* v. *Freeman,* 181 *Ga.* 656 (183 S. E. 811). Where evidence is objected to as a whole and a part is admissible, it is not error to overrule the objection. No error is shown by this ground of the motion for new trial.

■ In ground 5 error is assigned on the refusal of the court to exclude from evidence the testimony of Randall Evans, a practicing attorney of Thomson, on the ground that it was a communication between attorney and client and therefore inadmissible. The record shows that the communications had between the attorney and the grantor in the lease and option contract were in the presence of the grantee in such contract.

In *Stone* v. *Minter,* 111 *Ga.* 45 (36 S. E. 321), it was held that, where a client makes a communication or statement to his attorney in the presence of the opposite party, it is not confidential or privileged, and the attorney is a competent witness to testify with reference thereto. In *Griffin* v. *Williams,* 179 *Ga.* 178 (175 S. E. 449), it was held to be error to exclude testimony of an attorney as to what had transpired when the client and the other parties and the attorney were all present, it being held that under such circumstances it was in no sense a secret or private communication to the attorney.

■ Ground 6 is not argued in the brief of counsel for the plaintiff in error or insisted upon, and will be treated as abandoned. *Judgment affirmed. All the Justices concur.*