Milligan *et al. v.* Milligan.

Almand, Justice. Mrs. Anna J. Milligan brought an equitable petition against Fred Milligan and Mrs. Buna Paris, seeking the cancellation of a deed from Milligan to Mrs. Paris as being a cloud upon the plaintiff's title. In her petition the plaintiff alleged: In August, 1949, she owned an undivided interest in a described tract of land, at the time she filed a suit for divorce and alimony against the defendant Milligan and

prayed that the defendant's interest in the property be awarded as part of her permanent alimony. There is of record a warranty deed, dated June 16, 1949, from the defendant Milligan to the defendant Mrs. Paris, which purports to convey the defendant Milligan's one-half interest in said described property. Milligan executed said deed as part of a fraudulent scheme to defeat the plaintiff's claim for alimony in her divorce suit; the deed was executed without any consideration; and Mrs. Paris was a party to said fraudulent scheme of Milligan. Subsequently to the filing of said suit for divorce and alimony, the plaintiff obtained a final judgment and decree, wherein she was awarded the defendant Milligan's interest in said property as part of her permanent alimony. The deed from the defendant Milligan to the defendant Mrs. Paris constitutes a cloud on the plaintiff's title, and should be canceled. There is nothing in the record to show that any demurrers were filed to the petition.

On the trial of the case, at the conclusion of the plaintiff's evidence, the defendants' motion for a nonsuit was overruled. The defendants did not introduce any evidence, and the trial court overruled a request of counsel for the defendants to open and conclude the argument to the jury. The jury returned a verdict in favor of the plaintiff, and judgment was entered thereon. The defendants made a motion for a new trial, and subsequently amended that motion by adding six special grounds, all of which being overruled, the case is here on exceptions to that order. *Held*:

1. Where the trial court admits conditionally, over objections, evidence offered by the plaintiff, it is the duty of counsel objecting to the admission of such evidence to invoke a later and final ruling of the court; and the failure of the court to exclude the evidence admitted provisionally on its own motion, where the party making the objections does not renew them, does not constitute reversible error. *Thomas* v. *State,* 129 *Ga.* 419 (2) (59 S. E. 246); *Hailey* v. *McMullan,* 144 *Ga.* 147 (3) (86 S. E. 315); *Bryan* v. *Barnett,* 205 *Ga.* 94 (3) (52 S. E. 2d, 613). Special grounds 1, 2, 3, and 4 complain that the court erred in admitting certain documentary evidence over stated objections of the defendants. These grounds show that in each instance the court admitted the evidence conditionally, and the record does not show that the defendants' counsel made any further motion to exclude the evidence, or that the court ever made any final ruling as to its admissibility. These grounds disclose no reversible error.

2. "An exception to the refusal of the court to grant a nonsuit will not be considered where the case is subsequently submitted to a jury, a verdict is returned for the plaintiff, and a motion for new trial is made which complains that the verdict is contrary to the evidence and without evidence to support it." *Pepper* v. *Flanagan,* 204 *Ga.* 265 (2) (49 S. E. 2d, 525). Special ground 5 is without merit.

3. The right of counsel to open and conclude the argument to the jury is an important one, and an improper denial of it, where injury results, will work a reversal. *Chapman* v. *Atlanta & West Pont R.,* 74 *Ga.* 547 (a); *Hines* v. *Donaldson,* 193 *Ga.* 783, 789 (20 S. E. 2d, 134). Where the defendant in an equity case introduces no evidence, it is his right under the law to open and conclude the argument to the jury. *Fall* v. *Sim-*

*mons,* 6 *Ga.* 265 (1); *Ferguson* v. *Ferguson,* 51 *Ga.* 340 (5); *Cade* v. *Hatcher,* 72 *Ga.* 359 (2). This is true, though counsel for the plaintiff interrogated the defendants, who were called for the purpose of cross-examination. *Martin* v. *Martin,* 180 *Ga.* 782 (5) (180 S. E. 851). If the verdict rendered in favor of the plaintiff was demanded by the evidence, the failure of the court to give counsel for the defendants the right to open and conclude will not cause a reversal. *Moore, Marsh & Co.* v. *Brown,* 81 *Ga.* 10 (3a) (6 S. E. 833). But, if the evidence did not demand a verdict in favor of the plaintiff, the failure to accord counsel for the defendants, who introduced no evidence, the right to open and conclude the argument to the jury, is error requiring the grant of a new trial. *Willett Seed Co.* v. *Kirkeby-Gundestrup Seed Co.,* 145 *Ga.* 559 (5) (89 S. E. 486). In the instant case—an action to cancel a deed from Fred Milligan to his sister, Mrs. Buna Paris, on the grounds that it was executed without any consideration and for the fraudulent purpose of defeating the plaintiff's claim for alimony against Fred Milligan, that the grantee in the deed took the same with knowledge of such scheme and purpose, and that it was not a bona fide transaction—the burden was on the plaintiff to prove these contentions by a preponderance of the evidence. The fact that the conveyance attacked was between brother and sister would raise no presumption of fact as to fraud. *Cowart* v. *Epstein,* 101 *Ga.* 1 (1) (29 S. E. 270). There was no admission by the defendants that relieved the plaintiff of the burden of proving the allegations of her petition, and from an examination of the evidence it cannot be said that it demanded a verdict in her favor. The defendants not having introduced any evidence, it was error requiring the grant of a new trial for the court to refuse the request of counsel for the defendants, as complained of in ground 6 of the amended motion, to open and conclude the argument to the jury.

*Judgment reversed. All the Justices concur.*

No. 17794. SUBMITTED MARCH 10, 1952—DECIDED APRIL 16, 1952.

*Henry A. Stewart, D. B. Howe* and *Harold L. Murphy,* for plaintiffs in error.

*W. W. Mundy Jr.,* contra.