## 36312. Jones v. Chambers.

Townsend, J. 1. An exception to the general rule that a party may not impeach a witness voluntarily called by him where entrapment is not shown is that either party may make the opposite party a witness "with the privilege of subjecting such witness to a thorough and sifting examination, and with the further privilege of impeachment, as if the witness had testified in his own behalf and were being cross-examined." Code § 38-1801. Where the witness is called to the stand "for cross-examination" it is to be understood that the opposite party is to be examined under this Code section, although a plaintiff who merely calls a defendant as "a witness against himself" in order to prove a prima facie case is not proceeding under the provisions thereof. *Rainey* v. *Moon*, 187 *Ga.* 712, 718 (2 S. E. 2d 405); *National Land & Coal Co.* v. *Zugar*, 171 *Ga.* 228 (155 S. E. 7). Applying this rule, where counsel for the plaintiff here called the defendant to the stand "for cross-examination under the rule" it is obvious that he was not seeking to make the defendant his own witness, but was proceeding under the provisions of Code § 38-1801, and is entitled to the privileges and bound by the restrictions therein contained.

2. Where the defendant in a civil action introduces no evidence, he is entitled to make the opening and concluding arguments before the jury. *Willett Seed Co.* v. *Kirkeby-Gundestrup Seed Co.*, 145 *Ga.* 559 (5) (89 S. E. 486) and citations; *Williamson* v. *Williamson*, 176 *Ga.* 510 (2) (168 S. E. 256). A denial of this right is error requiring reversal of the case. *Milligan* v. *Milligan*, 209 *Ga.* 14 (3) (70 S. E. 2d 459).

3. Where the opposite party has been called as a witness for cross-examination it is within the discretion of the court as to whether to allow such witness to be questioned by his own attorney at the conclusion of such examination by the opposite party. *Akridge* v. *Atlanta Journal Co.*, 56 *Ga. App.* 812, 818 (194 S. E. 590). Where, as here, the plaintiff's counsel calls the defendant as a witness for cross-examination, and the court subsequently permits the defendant's counsel to interrogate him to the same subject matter dealt with in his examination by plaintiff's counsel, this does not constitute introduction of evidence by the defendant so as to deprive his counsel of the opening and concluding arguments to the jury, he not having otherwise offered any evidence upon the trial of the case. *Martin* v. *Martin*, 180 *Ga.* 782 (5) (180 S. E. 851); *Auto Mutual Indemnity Co.* v. *Campbell*, 56 *Ga. App.* 400 (1) (192 S. E. 640); *Phillips* v. *Smith*, 76 *Ga. App.* 705 (1) (47 S. E. 2d 156). The contention of the defendant in error that these cases have no application because it does not appear that the opposite party was called as a witness for cross-examination under the provisions of Code § 38-1801 is defeated by the examination of the original records of these cases in this court and the Supreme Court. In the *Martin* case the amendment to the motion for a new trial, certified as true by the trial court states that "movant placed one of the opposite parties, D. O. Martin, Sr., on the witness stand, movant stating to the court that she desired to examine said witness under the provisions of Sec. 5879 of the Civil Code of Georgia of 1910, and desired the privilege of subjecting said witness to a thorough

and sifting examination . . . as though the witness had testified in his own behalf and was being cross-examined, all as in said section provided." The *Phillips* case states both in the approved brief of evidence and the amendment to the motion for new trial that the defendant was called for cross-examination.

It follows that under the circumstances of this case, which was an action for unliquidated damages in which a verdict was not demanded as a matter of law, the defendant, having introduced no evidence, was entitled to the opening and concluding arguments, and the deprivation of this substantial right demands the grant of a new trial.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 25, 1956.

*Stone & Stone*, for plaintiff in error.
*Phillip Sheffield, Julian Webb*, contra.