STATE OF HAWAII, Plaintiff-Appellee, *v.* RUSSELL M. OKURA, Defendant-Appellant

NO. 5618

SEPTEMBER 23, 1975

RICHARDSON, C.J., KOBAYASHI AND OGATA, JJ.,
AND CIRCUIT JUDGE LANHAM IN PLACE OF
MENOR, J., DISQUALIFIED, AND
CIRCUIT JUDGE CHANG ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY KOBAYASHI, J.

This is an appeal by Russell M. Okura, the defendant (appellant), from a verdict of guilty on the charge of negligent homicide in the first degree. The appellant assigns as errors the following: first, the trial judge's striking of the entire testimony of a witness presented by the appellant as an expert witness; and second, the admission of testimony of the mother of the deceased. For reasons stated below, we reverse.

### STATEMENT OF THE CASE

Appellant was involved in a four-vehicle accident in Hilo, Hawaii, at around 6:40 p.m., on April 21, 1973, the day before Easter Sunday. Appellant's car crossed over the median line into the oncoming-traffic lane at a high rate of speed and was involved in three consecutive collisions with three separate

motor vehicles. One of the approaching vehicles, driven by a woman on her way to the Hilo airport, was hit head-on by appellant's car. The woman died the following day as a result of bodily injuries sustained in the collision. Appellant sustained a head injury and maintains that because of that injury he remembers nothing about the accident or the cause of it.

At trial, the prosecution advanced the theory that appellant may have been under the influence of alcohol at the time of the accident. Witnesses (two cocktail waitresses) were presented to show that appellant was served five or six beers between 4 p.m. and 6 p.m. on the day of the accident.

Appellant admitted to having had three or four beers between 5 p.m. and 6 p.m. but denied being intoxicated or being impaired by the drinking.

During the jury trial, the prosecution called the deceased woman's mother as a witness. Though the appellant objected on the grounds of irrelevance and prejudice, the witness was allowed to testify to the following: the fact that her deceased daughter was married and had four minor children aged 11 months to 10 years old; that deceased and her children were residents of Honolulu but were visiting the witness at her home in Hilo for the Easter vacation; that the deceased's husband was coming to Hilo from Honolulu to join the rest of the family so that they could spend Easter Sunday together; and that when the deceased left for the Hilo airport, she left her children behind because she wanted to buy Easter baskets to surprise them.

In addition to the above testimony, the witness was allowed to describe the final bedside moments with her daughter at the hospital on the day of the daughter's death. None of the testimony by this witness was stricken despite the objection of the defense.

As part of its case, the defense called Mr. Robert K. McGill as an expert witness to advance appellant's key defense. McGill's testimony was offered for the purpose of proving that the cause of the accident was due to a mechanical failure and not to appellant's criminal negligence.

McGill testified that appellant's car, a 1968 Corvette, had a defect in its design, a defect that had caused mechanical

failures in other cars of that model of that year. Further, McGill testified that the design defect did in fact cause a mechanical failure in appellant's car resulting in an almost total loss of control of the vehicle by appellant just prior to appellant's crossing over into the oncoming-traffic lane.

McGill's testimony was based upon his findings acquired during a strip-down examination of appellant's car on June 8, 1973, approximately seven weeks after the accident. He had conducted the examination as an agent of appellant's insurance company.

The prosecution objected to McGill's qualifications as an expert on "accidentology" (accident reconstruction).

The trial court also expressed doubt as to McGill's qualifications but never expressly or specifically ruled on the witness' qualifications as an expert. Instead, the trial court allowed the witness to testify but reserved the right to delineate the proper spheres of what was "admissible testimony" later on in the trial.

Over the continuing objection by the prosecution, McGill was allowed to testify as to his qualifications; his knowledge about the mechanical defect in the design of 1968 Corvettes; his knowledge about efforts by Chevrolet to recall cars of that model to correct the defect and a form letter sent out to owners of that model to effect this purpose; his findings from his examination of appellant's car; and his opinion that all the findings logically show that appellant's total, or near-total, loss of control of his car was a direct result of a mechanical failure, a failure that had commonly occurred in other 1968 Corvettes.

On cross-examination, McGill stated his opinion that the indications of mechanical failure *(i.e.* certain torn mountings and dented parts) that he found did not *result* from any of the collisions in which the appellant's vehicle was involved. Instead, it was his opinion that the mechanical failure (and thus the indications of it) occurred *prior to* any of the collisions; that the mechanical failure was the *cause* of, rather than being the *result* of the collisions.

At the conclusion of McGill's testimony, the prosecution made a motion to strike all of his testimony. The grounds for

the motion were that the testimony was intended to prove a fact that was not in evidence and that McGill's conclusions and opinions were too speculative.

The trial court commented that McGill's testimony was very enlightening as to the mechanics of a motor vehicle but granted the prosecution's motion to strike all of the testimony "on the basis of the record".

### I. MOTION TO STRIKE ALL OF THE TESTIMONY OF A WITNESS

Obviously, the motion to strike and grounds thereof, and the ruling of the trial court on the motion leave in limbo the status of McGill as to whether or not his testimony was adduced as an expert witness.[1] However, a resolve of McGill's status is not necessary, for we are of the opinion the trial court erred in granting prosecution's motion to strike.

A motion to strike must be specific; it must be directed with precision to the matter sought to be stricken and a general motion to strike all testimony must be overruled if any portion of that testimony is admissible. *Cozine v. Hawaiian Catamaran, Ltd.*, 49 Haw. 77, 412 P.2d 669 (1966); *Territory v. Adelmeyer*, 45 Haw. 144, 363 P.2d 979 (1961); *Kapuakela v. Iaea*, 10 Haw. 99 (1895); *People v. Loop*, 127 C.A.2d 786, 274 P.2d 885 (1954); *See Bryan v. Barnett*, 205 Ga. 94, 52 S.E.2d 613 (1949).

During his testimony, McGill related to nonexpert as well as expert testimony. For example, his personal knowledge about the defect in the design of 1968 Corvettes and of Chevrolet's efforts to recall that model were facts that he was competent to testify about regardless of his expert qualifications. It was incumbent upon the prosecution to make the proper motion to strike. The motion must be precise, definite, and directed with specificity to the matter sought to be stricken. Thus where testimony is admitted, some of which is relevant and competent but is intermingled with that which is improper, a motion to strike all of the testimony is improper

---

[1] *See* Teague v. Duke Power Co., 258 N.C. 759, 129 S.E.2d 507 (1963); Emery v. Tilo Roofing Co., Inc., 89 N.H. 165, 195 A. 409 (1937).

and should be denied. *People v. Loop, supra; Bates v. Newman,* 121 C.A.2d 800, 264 P.2d 197 (1953).

In the instant case, the trial court's failure to deny the motion to strike constitutes reversible error.

## II. THE TESTIMONY OF THE MOTHER OF THE DECEASED: HARMLESS ERROR OR PREJUDICIAL ERROR

Not every mention of a deceased's familial relationships is *ipso facto* prejudicial error, *People v. Brown,* 30 Ill. 2d 297, 196 N.E.2d 664 (1964); the facts and circumstances of each case are determinative. Although we do not make a determination on whether, under the circumstances of this case, the error was prejudicial or not, such evidence could very well have prejudiced the defendant.[2]

*Paul Mark Clark* for defendant-appellant.

*Douglas L. Halsted,* Deputy Prosecuting Attorney *(Paul M. De Silva,* Prosecuting Attorney, County of Hawaii, with him on the brief) for plaintiff-appellee.

### DISSENTING OPINION OF OGATA, J., WITH WHOM RICHARDSON, C.J., JOINS

I respectfully dissent. The majority opinion reverses the appellant's conviction by holding in Part I that the trial court erred in granting the prosecution's motion to strike. It states that a motion to strike must be specific; it must be directed with precision to the matter sought to be stricken and a general motion to strike all testimony must be overruled if any portion of that testimony is admissible.

I would not question the soundness of this legal principle; but I do question the application of the rule to the striking of the testimony given by Mr. McGill in this case, especially when the exclusion, conceding it to be error, could not have been prejudicial.

---

[2] *See* People v. Dukes, 12 Ill.2d 334, 146 N.E.2d 14 (1957).

Re standard of review to apply in deciding whether an error was prejudicial or not see Saltzburg, *The Harm of Harmless Error,* 59 VA. L. REV. 988 (1973); *see also* State v. Pokini, 55 Haw. 640, 526 P.2d 94 (1974).

The trial court struck the testimony of the defense witness, Mr. McGill, "on the basis of the record." The record shows that the trial court, being unsatisfied with the qualification of the witness as an expert, withheld ruling on the admissibility of the witness' testimony and allowed defense counsel to examine the witness as to facts upon which the witness would base his opinion. During the subsequent examination, most of which was conducted *in camera,* the prosecutor made repeated objections to the attempts by the defense counsel to elicit the witness' opinions. The court reassured the prosecutor that his objection was being treated as a continuing one. At the end of the witness' testimony the court granted the prosecutor's motion to strike the witness' entire testimony. I would regard and treat the entire proceeding with respect to Mr. McGill as an offer of proof.

In *Territory v. Honda,* 31 Haw. 913, 918 (1931), this Court stated:

"It is well settled that 'when an offer of proof includes that which is admissible with that which is not, and the competent and incompetent are blended together, it is not the duty of the court to separate the legal from the illegal, but the whole may be rejected without commission of error.'"

It is further stated in I Wigmore on Evidence, 3d ed., Sec. 17, page 320:

"If several facts are included in the offer, some admissible and others inadmissible, then the whole (if properly objected to) is inadmissible; it is for the proponent to sever the good and the bad parts."

Since the appellant made his offer of evidence as a whole on the question of whether the witness' opinion could be admitted, he had the burden of showing to the court which parts were admissible when the opinion was subsequently determined to be inadmissible. Having made no attempt to introduce for any other purpose that evidence which was admissible, defendant cannot complain of his failure here.

The record further shows that appellant offered the testimony of Mr. McGill as a whole for the sole purpose of gaining the admission of the opinion testimony of the expert.

Appellant expressed no intention to have Mr. McGill's other non-expert testimony remain in the record in limbo after his expert opinion testimony was stricken from the record. Mr. McGill's non-expert testimony, which was admitted and subsequently stricken under the motion to strike, related to the damaged condition in which he found the 1968 Corvette after the accident, namely, the condition of the engine mounts, the exhaust headers, the flexible thermoid steering coupling and the steering gear shaft safety pins. All of this testimony would have very little, if any, probative value without an expert opinion.

It seems so obvious to me in this case, just by the application of common sense, that appellant's assertion of mechanical difficulty, which he now claims caused him to lose control of his vehicle, could not have caused the accident which resulted in the death of Marie Ellen Medeiros. A careful study of the record, including exhibit 1 showing a sketch of Wainaku Avenue, reveals that appellant was speeding on the left side of a slippery, wet road for quite a distance. He was on his way home, after spending about two hours drinking beer. If he did have any mechanical difficulty, which he himself could not remember due to partial amnesia, he had more than ample roadway distance within which to stop his vehicle by braking rather than by colliding into three other vehicles one after the other. Under such circumstances, I would hold that, even if it was error for the trial court to strike all of the testimony of Mr. McGill, such an error was not prejudicial. The error was harmless beyond a reasonable doubt. *State v. Pokini*, 55 Haw. 640, 526 P.2d 94 (1974); HRS § 641-16 (1974 Supp.); H.R.Cr.P. Rule 52(a); 75 Am. Jur. 2d, Trial § 184.

The majority opinion correctly recognizes in Part II that not "every mention of a deceased's familial relationships is *ipso facto* prejudicial error." The majority equivocates and does not determine definitely whether it was or was not. The testimony of Mrs. Georgina Gabriel did not cover more than ten minutes of the entire trial and the appellant has not indicated that the prosecutor made any further reference to this objectionable testimony. In view of the overwhelming evidence in favor of the state, I would not consider the error in

462

this regard as prejudicial. *State v. Pokini, supra,* HRS § 641-16 (1974 Supp.); H.R.Cr.P. Rule 52(a).

I would affirm the judgment of the court below.